STATE OF NEBRASKA, APPELLEE, V. HAI DANG, APPELLANT.

368 N.W.2d 486

Filed May 31, 1985.   No. 84-690.

Dennis R. Keefe, Lancaster County Public Defender, and Dorothy A. Walker, for appellant.

Patrick T. O'Brien, Deputy Attorney General, and Timothy E. Divis, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The defendant was convicted in the county court for Lancaster County on the May 4, 1984, charge of disturbing the peace, a violation of Neb. Rev. Stat. § 28-1322(1) (Reissue 1979). On appeal to the district court, that conviction was affirmed, but the sentence was modified to provide for a fine of $5 rather than $50. Defendant has appealed to this court, assigning four different errors. We consider only the claim as to the insufficiency of the evidence, and reverse and dismiss.

Basically, this case deals with the alleged disturbance of the peace of a former girl friend of the defendant, by use of the telephone. Simply stated, the victim alleged that she had broken up with the defendant, that he continued to call her, and that on the occasion of the last phone call informed her that he was bringing over a birthday card. She told him not to do so and called the police, and when the defendant arrived at her house he was arrested and charged with this offense.

Disturbing the peace is defined as a Class III misdemeanor by § 28-1322. As such, it is necessary for the State to prove the defendant guilty beyond a reasonable doubt. *Haswell v. State*,

167 Neb. 169, 92 N.W.2d 161 (1958).

This court on appeal will reverse a verdict of guilty based on evidence whenever it is so lacking in probative force that the court can say as a matter of law it is insufficient to support a finding of guilty beyond a reasonable doubt. *State v. French*, 206 Neb. 92, 291 N.W.2d 248 (1980).

The defendant and the victim had been going together for 2¹/₂ years. In support of the State's case, she testified variously that the parties broke up at her insistence after her birthday, which was April 27, 1984; she asked him not to call her any more, but he continued to call her "only once"—"just twice"; the parties split up on May 8, 1984, when she asked the defendant not to contact her any more, but he called her twice after that; and the parties broke up in February of 1984.

The victim also testified that the defendant called her on May 4, 1984, and wanted to bring over her birthday card, but she told him "no" and called the police. According to her, the defendant came over anyway, but she did not go out to talk to him.

At still another point in her testimony, the victim stated that after telling the defendant not to call her again she could not remember for sure when she got the next call, but received the second call on "May 27th — 24th. It was the 24th." She characterized that as a friendly call, but she hung up on him. During the course of that testimony, she stated that it was following that May 24 call that defendant brought over the birthday card. She testified first that defendant had not told her on the phone why he wanted to come over, but immediately thereafter she stated that she knew he was bringing a birthday card because he had told her that on the phone.

The one fact that does not seem to be in doubt is that the police were outside the victim's home when the defendant arrived, and it was at that time that he was ticketed for disturbing the peace. There was absolutely no testimony from anyone that the defendant created any sort of a disturbance during that time.

From our review of the record, we are forced to the conclusion that the testimony of the State's witness was so confusing and disconnected that it was utterly lacking in

probative force sufficient to support a finding of guilty beyond a reasonable doubt.

The judgment of conviction is reversed, and the cause is remanded with directions to dismiss the complaint.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.