STATE OF NEBRASKA, APPELLEE, V. RUSSELL L. LEHL, APPELLANT.
438 N.W.2d 505

Filed April 21, 1989. No. 88-549.

Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos, Special Deputy Lancaster County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Kimberly A. Klein for appellee.

Boslaugh, White, Caporale, and Grant, JJ., and Rist, D.J.

Boslaugh, J.

The defendant, Russell L. Lehl, was convicted by a jury of unlawful possession of methamphetamine and was sentenced to imprisonment for 1 to 2 years. He has appealed and contends that the evidence was insufficient to support the verdict, that evidence was taken from his person by an illegal search, and that the sentence imposed was excessive.

The record shows that on August 15, 1987, at approximately 8 a.m., the Lincoln Police Department received a call that a complainant was having trouble removing the defendant from the complainant's apartment in Lincoln, Nebraska. At the apartment, the police found the defendant lying on a couch, apparently asleep. The police were unsuccessful in attempting to waken the defendant by shaking and shouting at him, by tapping on the bottom of his feet, and by trying to stand him up. The defendant was breathing, had a heartbeat, and had what appeared to be fresh needle marks on one arm. Because the police were unsure of the defendant's condition, medical assistance was requested, and the defendant was taken to Lincoln General Hospital. About 5 minutes later, the police received a call that assistance was needed because the defendant was combative. When the police arrived at the emergency room, they found the defendant arguing with the staff and trying to get out of bed. The police attempted to restrain the defendant and eventually found it necessary to handcuff the defendant to the bed in order to restrain him.

As part of the physical examination of the defendant, the attending physician, Dr. Laura Acklie, removed the defendant's shoes and socks and found a syringe in his right sock. After discovery of the syringe, a search was made of the defendant's clothing. A cellophane or plastic bag containing a crystalline residue was found in the defendant's pocket.

Dr. Acklie testified that upon his arrival, the defendant was combative and "under some kind of influence of substances," presumably alcohol because of the heavy odor noted on his person. Dr. Acklie noted fresh "track marks" in the antecubital

areas of both arms of the defendant. While the doctor was removing the defendant's socks so that a neurological examination could be made, a syringe fell out of one sock. Dr. Acklie testified that she was familiar with the street use of methamphetamine and that the drug could be injected.

A forensic drug chemist testified that screening tests on the white residue in the plastic bag indicated the presence of methamphetamine and nicotinamide. The witness testified that it was not unusual to find nicotinamide present with the methamphetamine, as it is commonly used as an adulterant, or a cutting agent, in controlled substance powders.

The defendant testified that on August 14, 1987, he went to work and then to a bar from about 9 p.m. until 1 a.m., and then to a party where he stayed until approximately 7 a.m. During this time he was drinking both whiskey and beer, and he later stated that he drank almost two cases of beer. The defendant said that he was intoxicated when he left the bar. After leaving the party, a friend took the defendant to the apartment where the defendant was staying with another friend. The defendant had no recollection of the officers' being at the apartment and trying to awaken him, and only remembered waking up in the hospital. The defendant denied having bought drugs or having "done" drugs on the evening of August 14, but did state that he could have, and just could not remember. The defendant claimed that if he had injected drugs, he would have remembered; however, he also admitted that he was "awful drunk." The defendant admitted that he had used drugs in the past, but when asked how the plastic bag with a white residue came to be on his person, he stated he had no knowledge of how it got there. The syringe was received in evidence over objection that it was irrelevant, immaterial, and inflammatory.

In determining the sufficiency of the evidence to sustain a criminal conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Camacho, ante* p. 522, 437 N.W.2d 151 (1989). The evidence

which has been summarized was sufficient to support a finding of guilt beyond a reasonable doubt.

The defendant contends that the syringe may have been discovered through an illegal search. The evidence shows that the syringe was discovered when the physician removed the defendant's socks so that a neurological examination could be performed. After the accidental discovery of the syringe, which was an item of drug paraphernalia, and knowing of the presence of fresh needle marks on the defendant's arms, the police had probable cause to make a search of the defendant's person. The assignment of error regarding an illegal search is without merit.

The final assignment of error is that the sentence imposed was excessive.

Possession of methamphetamine, a Schedule II drug, is a Class III felony under Neb. Rev. Stat. § 28-416(2)(b) (Cum. Supp. 1988), with a sentence of 1 to 20 years' imprisonment, a fine of $25,000, or both. A sentence imposed within statutorily prescribed limits will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Camacho, supra; State v. Masur*, 230 Neb. 620, 432 N.W.2d 815 (1988).

The defendant is 29 years of age. He has a lengthy record of prior offenses. In addition to having fines and jail sentences, the defendant was sentenced to imprisonment for 1 year for felony theft. In view of the defendant's record and the nature of the offense, the sentence imposed was not excessive.

The judgment is affirmed.

AFFIRMED.