STATE OF NEBRASKA, APPELLEE, V. RICHARD R. AUMAN, JR.,
APPELLANT.
440 N.W.2d 254

Filed May 26, 1989.    No. 88-696.

Tad D. Eickman, of Steinacher, Vosoba & Hanson, for appellant.

Robert M. Spire, Attorney General, and William L. Howland for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Richard R. Auman, Jr., appeals his jury conviction for intentionally, knowingly, or recklessly causing bodily injury to a deputy sheriff while the defendant was legally confined in the Saline County jail.

As a result of his felony conviction, Auman was sentenced to 1 year in jail with work release privileges. We vacate the sentence, reverse the conviction, and dismiss the charge.

Auman was prosecuted under Neb. Rev. Stat. § 28-932(1) (Reissue 1985), the relevant part of which provides: "Any person who is legally confined in a jail . . . and intentionally, knowingly, or recklessly causes bodily injury to another person shall be guilty of a Class IV felony."

In view of the conclusions reached, only one of Auman's five assignments of error need be discussed: that the evidence was insufficient to convict him. Arguing the insufficiency of evidence, Auman, at the close of the State's evidence and at the conclusion of all the evidence, asked the trial court to dismiss the charge against him or direct a verdict of acquittal. The requests were erroneously overruled.

In determining the sufficiency of the evidence to sustain a criminal conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of the witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Lehl,* 231 Neb. 906, 438 N.W.2d 505 (1989); *State v. Davis,* 231 Neb. 878, 438 N.W.2d 772 (1989).

On the other hand, this court on appeal will reverse a verdict of guilty when the evidence is so lacking in probative force that the court can say as a matter of law that the evidence is insufficient to support a finding of guilt beyond a reasonable doubt. See, *State v. Hai Dang,* 220 Neb. 120, 368 N.W.2d 486 (1985); *State v. French,* 206 Neb. 92, 291 N.W.2d 248 (1980). Also, in a criminal case the State must prove beyond a reasonable doubt all material elements in its case in chief. *In re Winship,* 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).

When he saw the defendant in the Saline County Courthouse on January 7, 1988, Saline County Deputy Sheriff Richard Merrill remembered that there was an outstanding Lancaster County warrant for Auman's arrest. It was on a bad check charge. Merrill asked Deputy Sheriff Stahl to escort Auman to the jail facility. Auman voluntarily accompanied the deputy

sheriff to the jail. At the jail, Merrill told Auman of the outstanding warrant and said that it involved a bad check charge in Lancaster County. Auman was placed under arrest. The defendant was not free to leave the jail facility after his arrest. Merrill instructed the sheriff's dispatcher to determine if Lancaster County authorities would return Auman to Lincoln or if the defendant could be released on bail.

After spending 5 to 10 minutes in the jail's front office, Auman was taken to the booking room. Merrill requested that Auman place his personal belongings on a table. Merrill also requested Auman's thumbprints for a jail admission form. The defendant refused both requests. Auman became verbally abusive and claimed his constitutional rights were being violated. Merrill asked the sheriff for assistance. Auman's attorney in another matter, who was in the building, appeared and told Auman to cooperate. Merrill, the sheriff, and Auman's attorney left Auman in the booking room so that Auman could "cool down."

Shortly after leaving the room and closing the door, Merrill heard what sounded like glass breaking. Merrill, the sheriff, and a Saunders County law enforcement officer who was present entered the booking room and found that Auman had overturned chairs, moved a table, and was "wrecking the booking room." The sheriff grabbed Auman. Merrill took hold of Auman's right arm, and the other officer took hold of Auman's feet. Auman was wrestled to the floor. The defendant was handcuffed, and his legs were hobbled with his belt.

At the defendant's preliminary hearing in the Saline County Court, Merrill, whose arm had been injured in an incident not involving the defendant, testified that his arm was reinjured when he was "hanging onto [Auman's] right arm" and Auman "was jerking it away from me." Had Merrill testified at trial to this version of his reinjury, it might well have supported Auman's conviction. However, this evidence was never introduced at the jury trial.

At the jury trial, Merrill and several other witnesses testified that while Auman was being transferred from the booking room to a stairwell leading to an isolation cell, the defendant was at times abusive and physically active. However, at trial,

neither Merrill nor any other witness described any overt act by Auman that proximately caused reinjury to the deputy sheriff's left elbow.

Merrill testified that the officers carried Auman from the booking room to a stairwell leading to an upstairs solitary confinement area. At the bottom of the stairwell, the defendant still would not walk. Instead, Auman lay down. Merrill further testified: "As we were trying to lift Mr. Auman to go up the stairs, I *apparently* reinjured myself by pulling the tendons in the elbow and I could no longer use my left arm." (Emphasis supplied.) Merrill also testified that he reinjured his arm while the officers were carrying Auman from the booking room to the stairwell. Merrill gave no testimony causally relating the reinjury of his arm to any overt act of the defendant. At another point, the deputy testified that "[a]s I got to the stairwell, I reinjured my arm, too painful to continue on." "I had [severe] throbbing in my arm and my left hand swelled up considerably." Again, there was no testimony by Merrill that causally related the reinjury of his left arm to any intentional, knowing, or reckless overt act of Auman. Merrill said he had no further bodily contact with Auman. The defendant was carried up the stairs and placed in an isolation cell by law enforcement officers, without the physical assistance of Deputy Merrill.

As a matter of law, the witnesses' testimony at the jury trial and the inferences that may be drawn therefrom are insufficient to prove beyond a reasonable doubt that any overt act by Auman was the proximate cause of the reinjury to Deputy Sheriff Merrill's person.

Though other factual situations may fall within the prohibition of the statute, § 28-932 is primarily intended to discourage a lawfully confined person from injuring another person by intentionally, knowingly, or recklessly committing a battery upon that other person. A battery may be defined as any intentional, unlawful physical violence or contact inflicted on a human being without his consent. See *Bergman v. Anderson*, 226 Neb. 333, 411 N.W.2d 336 (1987). There can be no violation of § 28-932 unless a bodily injury to another person is proximately caused by an intentional, knowing, or reckless overt act of a legally confined person or the legally

confined person's accomplice.

In this case, the only evidence before the jury was that Merrill reinjured his arm while lifting or carrying Auman. There was no evidence that this reinjury was proximately caused by an overt act of the defendant. That being so, there was insufficient evidence as a matter of law for a jury to find beyond a reasonable doubt that Auman is guilty of the charge against him. The defendant's sentence is vacated, his conviction reversed, and the charge against him dismissed.

REVERSED AND DISMISSED.