442 N.W.2d 395 (1989)
232 Neb. 838
STATE of Nebraska, Appellee,
v.
DeRoise J. WASHINGTON, Appellant.
No. 88-1015.
Supreme Court of Nebraska.
July 14, 1989.
*396 Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns, for appellant.
Robert M. Spire, Atty. Gen., and Denise E. Frost, Lincoln, for appellee.
HASTINGS, C.J., and BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT and FAHRNBRUCH, JJ.
FAHRNBRUCH, Justice.
Claiming the evidence was insufficient to convict him, DeRoise J. Washington appeals a Douglas County District Court jury verdict finding him guilty of assaulting a police officer in the third degree, a Class IV felony which carries a maximum of 5 years' imprisonment and a $10,000 fine. The defendant was sentenced to an indeterminate term of 1 to 2 years in prison. We affirm.
Washington was convicted of violating Neb.Rev.Stat. § 28-931 (Reissue 1985). It provides that a person commits the offense of assault of an officer in the third degree if he or she intentionally, knowingly, or recklessly causes bodily injury to a peace officer while such officer is engaged in the performance of his or her official duties. A police officer is a peace officer.
Section 28-931 is primarily intended to discourage a person from intentionally, knowingly, or recklessly committing a battery on a peace officer while that officer is engaged in performing his or her official duties. A battery may be defined as any intentional, unlawful physical violence or contact inflicted on a human being without his consent. See State v. Auman, 232 Neb. 341, 440 N.W.2d 254 (1989), which interpreted similar language in Neb.Rev.Stat. § 28-932 (Reissue 1985).
Washington claims there was insufficient evidence to convict him. In determining the sufficiency of the evidence to sustain a criminal conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of the witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. State v. Auman, supra; State v. Lehl, 231 Neb. 906, 438 N.W.2d 505 (1989).
Taking the view most favorable to the State, the record reflects taht between 9 and 9:30 p.m. on April 30, 1988, Omaha Police Officer David Richardson and his partner, Brian Janucik, while patrolling in a marked police cruiser in the vicinity of 24th and Pratt Streets in Omaha, observed a Chevrolet Caprice being driven erratically.
The officers described the car as being operated "negligent[ly]," "reckless[ly]," at a fast rate of speed, and in an "uncontrolled turn." After making these observations, *397 the cruiser's red lights were activated, and the officers followed the Caprice. Several blocks from where the officers first observed the Caprice, it slid to a halt and struck a curb in what was described as an "uncontrolled stop." The defendant, Washington, was later identified as the driver of the Caprice.
The officers pulled alongside the defendant's vehicle. Officer Richardson, who was in his police uniform, approached the driver's side of the Caprice. As Richardson approached, the engine of the Caprice was being "revved." There was evidence from which a jury could conclude that there was sufficient artificial light for the defendant to identify and know that Richardson was a police officer. The defendant began moving the gear selector, which was located on the steering column. Richardson reached into the car and held the defendant back with his right hand. As the officer reached into the car with his left hand to place the gearshift into "park" position, Washington placed the vehicle into reverse, and it moved backward very quickly. The officer's arm became pinned inside the defendant's vehicle. Washington shifted gears and began traveling forward with Richardson running alongside as the defendant drove in a zigzag manner. The defendant made a "very sudden jerk to the right." That freed the officer and threw him to the pavement, where he landed on the left side of his head. Richardson's body went into an uncontrolled tumble.
Officer Janucik pulled up to Richardson, who reentered the cruiser. While being pursued by the cruiser, Washington's vehicle slid from one side of the road to the other until it left the road, struck a tree stump, and stopped. Richardson went to the passenger side of the Caprice, heard the engine revving again, and saw Washington "doing the shifter." Richardson opened the door, pulled Washington from the car, handcuffed him, and placed him under arrest. Both Washington and Richardson were taken to St. Joseph Hospital in Omaha. At the hospital, Washington was distraught, was profane, was placed in restraints, had a cut near his right eye, and appeared to be intoxicated from alcohol. The defendant, however, was lucid and responded appropriately to questions from his mother.
From Richardson's testimony, medical evidence, and photographs of the officer after he was injured, a jury could find beyond a reasonable doubt that the officer received multiple abrasions and contusions as a proximate result of being thrown to the pavement because of Washington's driving. A defense claim that the officer was injured when he fell from a stationary vehicle obviously did not impress the jury. The evidence is uncontroverted that Richardson was engaged in the performance of his official police duties when he was injured by Washington's overt conduct.
From the manner in which Washington operated his vehicle, and from the evidence as to how the police officer was injured, a jury could find, beyond a reasonable doubt, that Washington intentionally, knowingly, and recklessly caused bodily injury to Police Officer Richardson. In operating the Caprice in the manner in which he did, Washington disregarded a substantial and unjustifiable risk that Officer Richardson would be injured. This constituted recklessness on the part of the defendant. See Neb.Rev.Stat. § 28-109(19) (Reissue 1985).
Washington's intention, knowledge, and recklessness are corroborated by the answer the defendant gave to his mother at the hospital when she asked him if he ran over one of the police officers. Washington responded, "Cops don't mean nothing to me. I tried to back over that one to kill him." The question and the defendant's answer were overheard by a police officer who was investigating the evening's events.
The evidence is overwhelming that Washington committed the crime with which he was charged, and his conviction and sentence should be affirmed.
AFFIRMED.