STATE OF NEBRASKA, APPELLEE, V. RICHARD L. FRAZIER, APPELLANT.

449 N.W.2d 230

Filed December 22, 1989.   No. 89-067.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant, Richard L. Frazier, appeals a conviction of first degree forcible sexual assault following a trial by jury. He was sentenced to imprisonment for a term of 5 to 10 years and has appealed to this court. He assigns as error the insufficiency of the evidence to support a guilty verdict. We affirm.

The facts are rather straightforward, although the evidence of the victim and the defendant differs.

According to the victim, a 17-year-old female, on July 26, 1988, she had engaged in consensual sexual intercourse with a friend of her stepbrother's in the basement of her great-grandparents' house. Afterward, the victim began walking home alone, taking a route through Fontenelle Park. It was approximately 9 p.m., and although it was still light out, it was beginning to get dark. She passed a man who said "hi" to her. She had not met this man, but testified that she had seen him in the neighborhood. The man approached her from behind; said, "Excuse me, Missy"; and hit her on the back of the head with a beer bottle in a paper sack. He then pushed her to the ground, raised her skirt, and forced her to have sexual intercourse with him. The man then rifled the victim's purse and dumped everything out onto the ground, looking for money.

The victim ran to the house of her hairdresser, who lived nearby, and told her that she had been assaulted, but did not mention sexual assault. That woman took the victim home, and later the police interviewed the victim. She told the police about the sexual assault at that time. The police took her to the hospital, she was examined, and the hospital authorities gathered evidence using a sexual assault kit.

She then took the police to the spot where the assault happened, and a broken Schaefer beer bottle was found in a

paper sack on the ground, as were some of the contents of her purse, including some change and a pair of yellow earrings.

A detailed description of the assailant was given to the police by the victim, and a composite drawing was done which closely resembled the defendant.

Several days later, the defendant was seen by the victim in the neighborhood, and she called the police. Eventually, the defendant was arrested, interviewed, and charged with the crime.

The defendant at first denied any contact with the victim. He gave an alibi which was not completely supported by the witnesses whom he named. He later admitted having intercourse with the victim on that day, but insisted that it was consensual. When first confronted with the fact that the victim had identified him as her assailant, and when told the victim had been struck with a bottle, but not that it had been a Schaefer beer bottle, defendant jumped out of his chair and said, "I don't drink." Although not told that the victim claimed to have been hit on the head, he stated, "I didn't hit her in the head. That would put her out." Later in the interview, defendant admitted that he does drink beer, that he will drink any kind of beer, but that he prefers to drink Schaefer beer, which is less harmful to his stomach ulcer.

As previously stated, there is a conflict in the stories told by the victim and the defendant. However, if the evidence of the victim is believed, the facts fully support a verdict of guilty.

On appeal, this court will reverse a verdict of guilty when the evidence is so lacking in probative force that the court can say as a matter of law that the evidence is insufficient to support a finding of guilt beyond a reasonable doubt. *State v. Auman*, 232 Neb. 341, 440 N.W.2d 254 (1989). See, also, *State v. Swigart*, 233 Neb. 517, 446 N.W.2d 216 (1989). Such was not the case here.

In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact. The verdict must be sustained if, taking the view most favorable to the

State, there is sufficient evidence to support it. *State v. Johns*, 233 Neb. 477, 445 N.W.2d 914 (1989); *State v. Wokoma*, 233 Neb. 351, 445 N.W.2d 608 (1989). See, also, *State v. Swigart, supra.*

The judgment of the district court is affirmed.

AFFIRMED.