STATE OF NEBRASKA, APPELLEE, V. ANGEL SILVA CORTES, APPELLANT.

460 N.W.2d 659

Filed September 28, 1990.   No. 89-1247.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

The defendant, Angel Silva Cortes, appeals his conviction of first degree sexual assault and his sentence for a term of 5 to 15 years' imprisonment. He assigns as error the insufficiency of the evidence to support the conviction and the excessiveness of the sentence.

A conviction will not be reversed on appeal unless, after the court views the evidence most favorably for the State, it can be said that the evidence is so lacking in probative value that it is insufficient as a matter of law to support a verdict of guilty beyond a reasonable doubt. *State v. Frazier*, 234 Neb. 107, 449 N.W.2d 230 (1989).

A sentence that is within the statutory guidelines will not be reduced absent a showing of abuse of discretion by the trial court. See *State v. Johnson*, 234 Neb. 110, 449 N.W.2d 232 (1989).

Cortes is a 43-year-old Mexican national. Although Cortes has been in the United States for approximately 26 years, he claims that he is unable to speak or understand English.

The victim is 37 years old and slightly mentally retarded. Her IQ is 75. According to her father, she has the mental capacity of a 10-year-old child. However, expert testimony indicated that the victim is mentally capable of making decisions with regard to sexual relations.

According to the victim's testimony, she was returning soda

to the store on August 25, 1988, when Cortes grabbed her arm and led her to his home. Cortes took her to his room.

The victim testified that while she was in Cortes' bedroom he anally, vaginally, and orally sexually assaulted her. Cortes alleges that she consented to his actions. However, the testimony at trial indicates that immediately after the incident the victim was extremely upset. Furthermore, her brassiere was ripped and her neck was bruised.

Cortes alleges that after the victim left his house she was grabbed by another man, who then dragged her down an alley. Cortes believes that since this "second man" lived on Fourth Street and Cortes lived on West Third Street, the victim was confused as to which house she was in. Therefore, she accused the wrong man. Furthermore, Cortes testified that he was unable to come to the aid of the victim because he did not speak English.

Cortes also contends that the victim has substantially changed her version of the sexual assault by indicating that Cortes used a knife to force her to have sex with him. However, the State contends that she testified as to her belief that Cortes would use a knife if she did not submit to him.

The information charged that the defendant subjected another person to sexual penetration and overcame such person by force or, in the alternative, did subject another person to sexual penetration knowing that the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct. At the close of all the evidence the court sustained defendant's motion for a directed verdict as to the second section of the information relating to mental or physical incapability, but submitted to the jury the charge as to penetration by force. Following argument and instructions, the jury returned a verdict of guilty.

"In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact." *State v. Frazier, supra* at 109, 449 N.W.2d at 231.

Although the evidence adduced by the State was disputed by

the defendant, a jury question was properly presented, and the jury chose to believe the State's witnesses. There is no merit to defendant's first assignment of error.

The sentence imposed by the court was well within the statutory guidelines, which permit imprisonment of from 1 to 50 years for this offense. The remaining question is whether the trial court abused its discretion. "Judicial abuse of discretion results when reasons or rulings of the trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition." *State v. Schall*, 234 Neb. 101, 106, 449 N.W.2d 225, 229 (1989).

Although the defendant apparently had no prior criminal record and had difficulty communicating in English, the fact remains that he attacked a woman and subjected her to numerous and various acts of sexual abuse. The court stated that imprisonment was necessary for the protection of society and a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law. We find no abuse of discretion in the action of the trial court in imposing sentence.

The judgment of the district court is affirmed.

AFFIRMED.