STATE OF NEBRASKA, APPELLEE, V. MARK M. MOELLER, APPELLANT.

Filed July 27, 1993.   No. A-92-877.

510 N.W.2d 500

Gary L. Hogg, Buffalo County Public Defender, for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

CONNOLLY, HANNON, and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge.

Mark M. Moeller was charged with burglary and first degree

sexual assault. Following a jury trial, he was found not guilty of burglary and was convicted of first degree sexual assault. Moeller appeals his conviction of first degree sexual assault, asserting that the evidence was insufficient to sustain a conviction. For the reasons recited below, we affirm.

## SCOPE OF REVIEW

In reviewing a criminal conviction, an appellate court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence. Such matters are for the finder of fact, and the verdict must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Jansen*, 241 Neb. 196, 486 N.W.2d 913 (1992); *State v. Sexton*, 240 Neb. 466, 482 N.W.2d 567 (1992). In criminal cases such as the instant one, circumstantial evidence is to be treated the same as direct evidence, and the State, upon review, is entitled to have all conflicting evidence, direct and circumstantial, and the reasonable inferences which can be drawn from the evidence viewed in its favor. *State v. 1987 Jeep Wagoneer*, 241 Neb. 397, 488 N.W.2d 546 (1992). An appellate court will not interfere with a guilty verdict based on the evidence in a criminal case unless that evidence is so lacking in probative force that it can be said that, as a matter of law, the evidence is insufficient to support a verdict beyond a reasonable doubt. *State v. Jansen, supra*; *State v. Vance*, 240 Neb. 794, 484 N.W.2d 453 (1992); *State v. Melton*, 239 Neb. 576, 477 N.W.2d 154 (1991); *State v. Cortes*, 236 Neb. 257, 460 N.W.2d 659 (1990).

## FACTS

On April 25, 1992, T.G., the victim, and several friends were helping a girl friend move into the victim's home. The women had promised their male friends that in exchange for help with moving, the women would provide beer. Beer was made available during the move, and after the move was finished, pizza was ordered.

During the course of the evening, a man unfamiliar to the women arrived uninvited to the home. The man proved to be appellant, Moeller. He parked his bicycle on the front porch and entered the house. Apparently, Moeller remained at the

party for 20 to 30 minutes, dancing and socializing until he noticed his bike was missing. He then accused some of the victim's guests of hiding the bike. He was asked to leave. Moeller finally left, but returned later with a police officer who searched the entire house for the bike. After not finding the bike, the officer told Moeller to leave. As the party wound down, the guests left, and three of the women who lived at the home went to bed.

The victim fell asleep on the living room couch. She testified at trial that when she fell asleep, she was wearing a bra, underwear, sport shorts, a light T-shirt covered by a heavy T-shirt, a coat, and socks. She covered herself with a blanket.

At approximately 3:30 on the morning of April 26, Moeller returned to the home. After knocking on the door and getting no answer, he entered. Moeller testified that he wandered around the first floor of the home. After this point in time, the details of the subsequent encounter are in conflict.

The victim testified at trial that as she awoke, she discovered that her shorts and underwear had been removed and Moeller, against her will, was performing oral sex upon her. As she awoke, Moeller was reassuring her that he was her boyfriend. The victim testified that after she awoke she screamed for one of her roommates and shoved Moeller away. Two of her roommates testified at trial that when they reached the victim she was hysterical. The police were immediately called.

In contrast to the victim's testimony, Moeller testified that when he entered the living room the victim sat up, spoke to him, appeared to empathize with his distress at losing the bike, and put her hand on his shoulder and that after several moments, they began to kiss. Moeller claimed that the oral sex was consensual and that he did not coerce, force, deceive, or threaten the victim in any way. The jury believed the victim.

Moeller appeals, asserting that the trial court erred in allowing the conviction to stand "as the element of force necessary for such a conviction was proven by the State only through circumstantial evidence the interpretation of which should have been resolved most favorably to Mr. Moeller." Brief for appellant at 2.

## ANALYSIS

First degree sexual assault is defined in relevant part under Nebraska law as follows:

(1) Any person who subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception, (b) knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct [is guilty of first degree sexual assault].

Neb. Rev. Stat. § 28-319 (Reissue 1989).

Moeller argues that the evidence is insufficient to support a conviction because the sexual acts were consensual, not the result of force, coercion, or deception, and, therefore, not violative of § 28-319(1)(a). In response, the State argues that the evidence supports a conviction under § 28-319(1)(a) because the sexual acts were not consensual and that force and deception were used. The State further argues that the conviction is valid under § 28-319(1)(b) because the victim was sleeping at the time of the encounter and, therefore, not capable of "resisting or appraising the nature of . . . her conduct." We agree with the State that the evidence supports a conviction under either § 28-319(1)(a) or (b).

Nebraska case law indicates that any form of nonconsensual sexual penetration violates the first degree sexual assault statute. See *State v. Willis*, 223 Neb. 844, 394 N.W.2d 648 (1986). In claiming that the sexual acts were consensual, Moeller relies on his testimony to the effect that the victim was empathizing with him about the theft of his bike, that she put her hand on his shoulder, and that this conduct was "the green light" to proceed with sex. Moeller also argues that removal of the victim's clothing was virtually impossible without her cooperation and should support his assertion that she consented. The victim testified that at no time did she consent to sexual activity or remove her own clothing. The State argues that the victim's testimony and conduct were inconsistent with consent. What Moeller claims on appeal as an issue of insufficient evidence is in fact a conflict in testimony between Moeller and the victim concerning the incident. In other words, this is a question of credibility of the witnesses and weight to be

given the evidence. See *State v. Lane*, 227 Neb. 687, 419 N.W.2d 666 (1988) (stating that the defendant's claimed defense of consent was a jury question). The evidence supports the jury's choice to believe the victim's testimony that the encounter was not consensual.

With respect to the elements of force and deception required by the statute, Moeller argues generally that at no time did he force, coerce, or deceive the victim. In response, the State argues that the evidence supports the conclusion that Moeller removed the victim's clothing without her knowledge or assistance, which was conduct tantamount to force, and that by claiming to be her "boyfriend" as the victim awoke, Moeller deceived the victim. Furthermore, the State argues that the conviction is supported by the uncontroverted fact that the victim was sleeping during some, if not all, of the sexual encounter and was thus not capable of resisting or appraising the nature of her conduct. See *State v. Welch*, 241 Neb. 699, 490 N.W.2d 216 (1992) (holding that where the victim was intoxicated and ill, the jury was properly instructed that it could take these facts into account when assessing the victim's inability to resist or appraise the nature of her conduct). Once again, the jury chose to believe the victim.

The Nebraska Supreme Court has held that under the first degree sexual assault statute, a victim may be "overcome in many ways short of force." *State v. Willis*, 223 Neb. at 848, 394 N.W.2d at 651. While this court recognizes that removing articles of clothing from a sleeping person, physically spreading her legs, and performing nonconsensual cunnilingus may not be the type of violent "force" traditionally described in sexual assault cases, it is, nevertheless, force. We find that the record supports, beyond a reasonable doubt, a conclusion that the force which was used was sufficient to violate the statute.

After thoroughly reviewing the record, including both direct and circumstantial evidence, and viewing the conflicting evidence consistent with *State v. 1987 Jeep Wagoneer*, 241 Neb. 397, 488 N.W.2d 546 (1992), we conclude that the evidence is sufficient to support the conviction and, accordingly, affirm the conviction.

AFFIRMED.