STATE OF NEBRASKA, APPELLEE, V. ALAN LADEHOFF, APPELLANT.

425 N.W.2d 352

Filed July 1, 1988.   No. 87-824.

Donn K. Bieber, of Otradovsky, Bieber & Westadt, for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The defendant has appealed from a judgment of the district court for Colfax County sentencing him to 1 year in the Colfax County jail, following the revocation of his probation. The defendant pled guilty to third degree sexual assault of his 4-year-old niece. Under the provisions of Neb. Rev. Stat. § 28-320(3) (Reissue 1985), this is a Class I misdemeanor. On March 18, 1985, defendant was sentenced to a 2-year term of probation, to include a 30-day period of incarceration. This sentence was to be served consecutively to the jail sentence which was already being served by the defendant for other, unrelated offenses.

The defendant would like to have us consider that the 2 years' probation began to run as of March 18, 1985, the date it was imposed. However, we reiterate that the present sentence was to run consecutively to a sentence then being served. The defendant has brought no record before us to establish when that latter sentence terminated so as to permit the sentence of probation to begin. Defendant must bear the burden of proving

the errors he has alleged. He has not done so.

The State conceded that defendant was incarcerated until August 15, 1985, for the prior offense, and then from August 16 to September 7, 1985, for the sexual assault. He then continued with his term of probation. On November 25, 1986, the State moved to revoke the defendant's probation, as he had punched his sister-in-law. The defendant admitted the assault, and on December 15, 1986, the court found defendant to be in violation of his probation.

At that time, the court could have revoked defendant's probation and imposed upon him "such new sentence as might have been imposed originally for the crime of which he was convicted." Neb. Rev. Stat. § 29-2268(1) (Reissue 1985). The court chose not to do so. Instead, the court proceeded under § 29-2268(2), which provides that under the circumstances presented here, if the court

> is of the opinion that revocation of probation is not appropriate, the court may order that:
> . . . .
> (c) The probationer be required to conform to one or more additional conditions of probation which may be imposed . . . and
> (d) The probationer's term of probation be extended, *subject to the provisions of section 29-2263*.

(Emphasis supplied.) Neb. Rev. Stat. § 29-2263 (Reissue 1985) authorizes a sentence of probation for up to 5 years upon conviction of a felony or second offense misdemeanor and 2 years upon conviction of a first offense misdemeanor.

Therefore, the court, on February 2, 1987, ordered the defendant's probation extended for an additional period of 6 months and the defendant to seek counseling.

On July 13, 1987, the State again moved to revoke the defendant's probation, as he had failed to complete counseling. The defendant admitted the allegation on August 17, 1987, and the court then revoked defendant's probation and on September 8, 1987, sentenced him to 1 year in the Colfax County jail, with credit given for time already served.

As is apparent from the facts recited above, defendant's 2-year term of probation began to run on August 16, 1985, and

would expire on August 15, 1987, if this was a first offense. The maximum term over which a sentence of probation may run for a misdemeanor is 2 years, unless it is a second offense misdemeanor. § 29-2263. Defendant argues that he was neither charged with a second offense nor does the record support such a finding. Therefore, he assigns as error that: (1) the court was without jurisdiction to sentence him on September 8, 1987, since more than 2 years had passed since the original probation order of March 18, 1985; (2) the court's sentence was invalid since the court made no finding that the misdemeanor was a second offense misdemeanor; and (3) the sentence was excessive.

Assuming, without deciding, that defendant is correct in his argument that under the state of the record he could not have been sentenced for a second offense misdemeanor, defendant is entitled to no relief on this appeal. If, as defendant insists, the court was without authority to extend his probation beyond the original 2-year period, then that portion of the February 2, 1987, order was admittedly invalid. However, the fact remains that July 13, 1987, the date on which the State filed its motion charging the defendant with violating his probation and seeking to have it revoked, was within the original, valid, 2-year sentence of probation.

The fact that it was not until August 17, 1987, that defendant admitted the allegation, and September 8 that the court revoked the probation, is of no moment. The revocation related back to the date the motion was filed. If a court is to revoke probation for a violation occurring within the probationary period, it is sufficient if procedure to that end was instituted within the probationary period or within a reasonable time thereafter. The fact that hearing was delayed is not ordinarily a material fact. *State v. Holiday*, 182 Neb. 229, 153 N.W.2d 855 (1967). The court was then authorized to impose such new sentence as might have been imposed originally for the crime of third degree sexual assault, viz, a maximum of 1 year's imprisonment.

This disposes of defendant's first two assignments of error. His last claim of error is that the sentence was excessive. We have said repeatedly that a sentence within the limits prescribed

by statute will not be set aside as excessive absent an abuse of discretion on the part of the sentencing judge. Considering the defendant's prior record, the seriousness of the offense which he committed, and the fact that defendant was given credit for jail time spent while serving his probation, there is no abuse of discretion.

The judgment of the district court is affirmed.

AFFIRMED.

HASTINGS, C.J., participating on briefs.