STATE OF NEBRASKA, APPELLEE, V. JOHN L. LEWIS, ALSO KNOWN AS RODNEY CRAIG FRAZIER, APPELLANT.

430 N.W.2d 686

Filed October 21, 1988.   No. 88-009.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and Douglas J. Peterson for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Defendant, John L. Lewis, also known as Rodney Craig Frazier, appeals from a conviction in the district court for Douglas County. Defendant was charged with five counts: count I, the robbery of a Best Western Airport Inn; count II, using a firearm to commit that robbery; count III, the robbery of a Taco Bell; count IV, using a dangerous instrument to commit that robbery; and count V, habitual criminal. The defendant filed a motion to sever the two robbery counts, which was sustained. A jury found the defendant guilty of counts I and II. The defendant subsequently entered a guilty plea to counts III and IV, and count V was dismissed pursuant to a plea bargain. Defendant was sentenced to 7 to 10 years for count I, 3 to 5 years for count II, 5 to 10 years for count III, and 2 to 5 years for count IV. The trial judge ordered the sentences to run consecutively.

The defendant appeals his conviction on counts I and II, claiming the district court erred in that the evidence was insufficient as a matter of law to sustain the conviction.

We first note that, in resolving a challenge to the

sufficiency of the evidence . . . it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of the explanations, or weigh the evidence. [Citations omitted.] Such matters are for the trier of fact, and the conviction must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support the conviction.

*State v. Britt,* 228 Neb. 201, 202-03, 421 N.W.2d 791, 793 (1988).

The evidence most favorable to the State is as follows. On April 11, 1987, at 2:35 a.m., two armed black men held up the Best Western Airport Inn at gunpoint. The inn is located at Eppley Airfield in Omaha, Nebraska. William King, an airport security guard, was on duty at the time of the robbery and testified that he saw two black males in a gray Ford Granada driving at a high rate of speed coming from the direction of the Airport Inn on a nearby street shortly after the robbery had occurred. Three days later, on April 14, the Omaha police stopped the defendant, in his gray Ford Granada, for having stolen Nebraska license plates. Later that day, Alvin Abbey, the Airport Inn night clerk who was on duty at the time of the robbery, identified the defendant in a police lineup as one of the persons who participated in the April 11 crime. In addition to the identification at the lineup, Abbey also positively identified the defendant at trial as one of the robbers.

The defendant presented two witnesses who testified there was a blue Ford Maverick near the location of the Airport Inn during the early morning hours on the day of the robbery. The recollections of these two witnesses contradicted each other. One witness testified that he saw two black men in the Maverick driving from the direction of the Airport Inn between 3:05 and 3:10 a.m. The other witness, a shuttle bus driver who continually passed the Airport Inn transferring people from the parking lot to the terminal, stated that during the morning hours of April 11 he had seen a blue Ford Maverick parked near the Airport Inn. He also testified that he had observed two black men fishing in a lake near the Maverick. On both direct and cross examination the witness said that he did not see the

car after 1:30 a.m.

The defendant also offered the testimony of his former girlfriend, Rochelle Williams; her sister, Valerie Moham; and the girls' grandmother, Margaret Alexander. Essentially, the testimony of these three witnesses was identical. They testified that on April 10 the defendant and his friends, James Williams and Kenny Richardson, joined Ms. Williams and Moham at approximately 10 p.m. to celebrate Moham's birthday at a local lounge. They all left the lounge a little after closing at 1 a.m. They dropped off Ms. Williams at approximately 1:15 a.m., and she did not see the defendant again until 2 that afternoon. The defendant then returned to Alexander's house in Omaha, where he had been staying.

Moham testified that she sat up and talked with the defendant once they returned to Alexander's home and that the defendant fell asleep at approximately 1:30 Saturday morning, April 11. She further testified that she fell asleep after the defendant.

Alexander testified that she saw the defendant on April 11 when he returned from the lounge. She stated that around 1:30 a.m. he assisted her in repositioning Alexander's paralyzed son. Alexander did not see the defendant the rest of that morning. She did testify that at 3 a.m. she called for the defendant to come downstairs and help her move her son once again, but she received assistance from someone else who had been staying at the home. Alexander admitted on cross-examination that she did not see the defendant at 3 a.m. on April 11, but she claims that she did hear his voice.

At the close of the evidence the case was submitted to the jury, which found the defendant guilty of robbery of the Airport Inn and of use of a firearm to commit that robbery. In making its determination, the jury obviously chose to believe the evidence produced by the State, that the defendant was one of the perpetrators, over the defense's attempt to prove an alibi.

As we stated in *State v. Joy*, 220 Neb. 535, 537, 371 N.W.2d 113, 115 (1985), "We will not interfere with a guilty verdict based upon evidence in a criminal case unless that evidence is so lacking in probative force that it can be said that, as a matter of law, the evidence is insufficient to support a verdict beyond a

reasonable doubt." An examination of the record reveals sufficient competent evidence to sustain the jury's verdict.

Defendant also alleges the district court erred in that the sentence imposed was excessive and, as such, an abuse of discretion. Robbery is a Class II felony, which carries a prison term of 1 year minimum and a maximum of 50 years. Neb. Rev. Stat. §§ 28-105 and 28-324 (Reissue 1985). Use of a firearm or deadly weapon is a Class III felony, punishable by a prison term of 1 year minimum and a maximum of 20 years, or a $25,000 fine, or both. § 28-105 and Neb. Rev. Stat. § 28-1205 (Reissue 1985). Defendant was convicted of two Class II felonies and two Class III felonies and was sentenced by the district court to 7 to 10 years' imprisonment for count I, 3 to 5 years' imprisonment for count II, 5 to 10 years' imprisonment for count III, and 2 to 5 years' imprisonment for count IV. All sentences were ordered to run consecutively. The order mandating that the sentences run consecutively, defendant contends, makes the sentences excessive. "We have said repeatedly that a sentence within the limits prescribed by statute will not be set aside as excessive absent an abuse of discretion on the part of the sentencing judge." *State v. Ladehoff*, 229 Neb. 111, 113-14, 425 N.W.2d 352, 354-55 (1988). Clearly, the sentences are within the limits of the statute. Considering the defendant's prior record, the seriousness of the offenses which he committed, and the fact that defendant was given credit for time served awaiting sentencing, there is no abuse of discretion. *State v. Ladehoff, supra*. The judgment of the district court is affirmed.

AFFIRMED.