STATE OF NEBRASKA, APPELLEE, V. JOSE FERNANDO BUSTOS, APPELLANT.

432 N.W.2d 241

Filed December 2, 1988.   No. 87-624.

Lee A. Larsen, Assistant Sarpy County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Following a jury trial, defendant-appellant, Jose Fernando Bustos, was adjudged guilty of one count of possessing heroin and one count of possessing cocaine, all in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 1984), and was thereafter sentenced to terms of imprisonment of 20 months to 5 years on each count, the second sentence to be served concurrently with the first. Bustos assigns as error the district court's (1) reappointment of the public defender to represent him and (2) failure to dismiss the charges. We affirm.

Bustos' name and address had come to the attention of Omaha metropolitan police officers while they were investigating and intercepting the telephone conversations of a suspected drug dealer in the fall of 1984. Omaha police subsequently obtained a warrant to intercept Bustos' telephone conversations as well. These interceptions yielded information which the officers believed related to drug transactions, and they subsequently observed a meeting between Bustos and the suspected drug dealer at a carwash in Sarpy County.

Following the interception of a conversation in which Bustos and the suspected dealer seemed to have a falling out, the investigating police officers immediately sought and received a search warrant from the district court for Douglas County authorizing a search of Bustos' residence in Sarpy County. This search resulted in the discovery and seizure of heroin, cocaine, and cocaine residue.

An attorney, privately retained by Bustos, moved to suppress the aforedescribed evidence. Shortly after the district court overruled that motion, it sustained the privately retained attorney's motion to withdraw made pursuant to Bustos' request.

After a subsequent hearing in chambers, of which there is no record in this court, the district court appointed the Sarpy County public defender's office to represent Bustos. That very day, the Sarpy County public defender, Thomas Garvey, filed a motion to withdraw, making the following representations, which are not otherwise of record in this court: that he, Thomas Garvey, was originally appointed to represent Bustos; that Bustos then, after failing to abide by the advice of the public defender's office, obtained private counsel; that after having been reappointed, the same offer of the county attorney for a plea bargain was forwarded to Bustos, who again, contrary to Garvey's advice, rejected it; that Bustos had hired private counsel and spoken to at least three other attorneys; and that the public defender's office questioned Bustos' indigency. After hearing argument, the district court denied Garvey's motion to withdraw from Bustos' representation.

At trial, Bustos moved for dismissal following the close of the State's case notwithstanding the fact the evidence established that the drugs seized were found in Bustos' bedroom. Bustos' motion was overruled, and he rested without adducing evidence.

Bustos' first assignment, that the district court erred in appointing for him in forma pauperis the same attorney whom he had rejected at an earlier stage of the proceeding, finds no support in the record. There is nothing before us which suggests any reason attorney Garvey should not have represented Bustos. It appears Bustos' assertion that he should have had other counsel rests on the fact that Garvey gave advice Bustos did not like and did not accept and that this situation created hostility between the two.

As this court has recently and repeatedly observed, the right of an indigent criminal defendant to counsel does not include the right to counsel of the defendant's own choice. *State v. Reddick*, ante p. 218, 430 N.W.2d 542 (1988); *State v. McCoy*, 228 Neb. 178, 421 N.W.2d 780 (1988) (citing *State v. El-Tabech*, 225 Neb. 395, 405 N.W.2d 585 (1987); *State v. Hoffman*, 224 Neb. 830, 401 N.W.2d 683 (1987)). A criminal defendant's mere distrust of, or dissatisfaction with, his or her attorney is not a sufficient reason to require appointment of

substitute counsel. *State v. Reddick, supra*; *State v. McCoy, supra* (citing *State v. Clark*, 216 Neb. 49, 342 N.W.2d 366 (1983); *State v. Blunt*, 197 Neb. 82, 246 N.W.2d 727 (1976)). Bustos' first assignment of error is without merit.

Bustos' second assigned error in effect challenges the sufficiency of the evidence to support the verdicts.

In determining whether the evidence is sufficient to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the conviction must be sustained if, taking the view of the evidence most favorable to the State, there is sufficient evidence to support the conviction. *State v. Trevino, ante* p. 494, 432 N.W.2d 503 (1988); *State v. Swift, ante* p. 373, 431 N.W.2d 643 (1988); *State v. Lewis, ante* p. 224, 430 N.W.2d 686 (1988).

Section 28-416(3) provides:

> A person knowingly or intentionally possessing a controlled substance, except marijuana, unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this article, shall be guilty of a Class IV felony.

Both heroin (Neb. Rev. Stat. § 28-405 Schedule I(b)(11) (Cum. Supp. 1984)) and cocaine (§ 28-405 Schedule II(a)(4)) are "controlled substances" within the purview of § 28-416(3). Constructive possession of an illegal substance may be proved by direct or circumstantial evidence, and may be shown by the accused's proximity to the substance at the time of arrest or by a showing of dominion over the substance. *State v. Lee*, 227 Neb. 277, 417 N.W.2d 26 (1987). Clearly, the jury's implicit inference that the drugs seized were within Bustos' dominion is supported by the evidence. Bustos' second assignment of error is also without merit.

The judgment of the district court is affirmed.

AFFIRMED.