STATE OF NEBRASKA, APPELLEE, V. WESLEY E. KITT, APPELLANT.
434 N.W.2d 543

Filed January 27, 1989. No. 88-195.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Wesley E. Kitt, pro se.

Robert M. Spire, Attorney General, and Bernard L. Packett for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

FAHRNBRUCH, J.

Wesley E. Kitt, through his lawyer, complains that the evidence was insufficient and therefore appeals his jury conviction for the theft of over $1,000 from an ARA Services step van in Omaha. Kitt was sentenced to prison for not less than 5 nor more than 15 years. We affirm.

In determining the sufficiency of the evidence to sustain a criminal conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Masur*, 230 Neb. 620, 432 N.W.2d 815 (1988); *State v. Swift*, 230 Neb. 373, 431 N.W.2d 643 (1988); *State v. Anderson*, 229 Neb. 427, 427 N.W.2d 764 (1988).

Taking the view of the evidence most favorable to the State, we conclude that a jury could find the defendant guilty beyond a reasonable doubt based upon the hereinafter-recited evidence.

On May 22, 1987, Rodney Mossey, a driver for ARA Services, had nearly completed his service rounds to businesses in Omaha. He serviced food and drink vending machines and moneychangers. Mossey's final stop for the day was the Sears store at Crossroads shopping center, where he arrived about noon. After unloading certain items, Mossey locked his step van with padlocks and went into the Sears store. Shortly thereafter, a witness entering Sears became aware that two black men were walking near her. When the witness left the store 15 to 20 minutes later, she noticed the same two men leaning against a wall near Mossey's van. The witness walked to her car, turned around, and looked at where the two men had

been standing. One man was gone. The witness heard a noise and saw the taller of the two men she had seen by the Mossey van. The other man walked to the van and boosted the taller man into the vehicle. The man inside the van handed some objects to the man on the outside. He, in turn, put the items into his jacket.

This witness, who was four or five vehicle stalls away from the van, watched the taller man jump out of the vehicle. Both men ran to a four-door blue Chrysler K car with an Iowa license plate and left the scene, the witness testified. The witness wrote down the license number and later gave it to the police. She was later unable to identify either of the two men.

Mossey remained inside Sears until about 12:45 p.m. When he returned to his van, he opened the rear door and noticed that some bags containing money were missing. Mossey then observed that the window on the driver's side of the van was broken. Mossey called the police.

An ARA office manager testified her audit reflected that $1,205.15 was taken from the van.

Patricia Osier, an Omaha police crime lab technician, arrived at the scene around 1:20 p.m., took photographs, and searched for latent fingerprints. Osier testified that four prints lifted from the interior of the ARA van belonged to the defendant. She testified that the prints were "fairly fresh" and that they could have been as fresh as 1 hour old. On cross-examination, Osier testified the prints could have been 2 days old.

Mossey testified that he had the only keys to the step van assigned to him by his employer, ARA. The van is always kept locked at night and at every stop that he makes on his vending machine route, Mossey testified.

From Mossey's testimony the jury could infer that the only means or opportunity the defendant had to enter Mossey's van was to break into it on the day the money was stolen. From Osier's testimony the jury could conclude beyond a reasonable doubt that it was the defendant who broke into the van between noon and 12:45 p.m. on May 22, 1987, and stole the money. We have held that circumstantial evidence is sufficient to support a conviction if such evidence and reasonable inferences drawn from the evidence establish a defendant's guilt beyond a

reasonable doubt. *State v. Wiggins*, 230 Neb. 632, 432 N.W.2d 824 (1988); *State v. Zellner*, 228 Neb. 272, 422 N.W.2d 96 (1988).

The evidence overwhelmingly supports the verdict of the jury finding the defendant guilty beyond a reasonable doubt.

In 2 supplemental pro se briefs, the defendant makes an additional 24 assignments of error. Six of those assignments claim defendant's counsel was ineffective in the trial court. In one of those assignments, Kitt, a black man, claims his trial counsel failed to object to the exclusion of blacks from the jury venire and failed to make a motion for a mistrial because of deliberate exclusion of blacks. The record affirmatively reflects that no black venireperson was excluded from the jury. To the contrary, the only black juror called for voir dire served on defendant's jury. No peremptory challenge was exercised by the State to exclude any black juror. It has been recognized by the U.S. Supreme Court that a defendant has no right to a jury composed in whole or in part of persons of his own race. See *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). See, also, *Strauder v. West Virginia*, 100 U.S. 303, 25 L. Ed. 664 (1880).

In his other assignments of error claiming ineffective trial counsel, Kitt says he was prejudiced because his trial counsel failed to make a record of the jury voir dire and closing arguments, during which he claims the State made prejudicial statements. The only statement to the jury by the State that the defendant claims was prejudicial was, "[I]f you find the defendant not guilty as charged, that will be the end of the suit, it's all over." That was a true statement, and we fail to see where it was prejudicial. See *State v. Reeves*, 216 Neb. 206, 344 N.W.2d 433 (1984).

Kitt also claims his trial counsel was ineffective because he did not assist the defendant in ensuring that all erroneous information and data were eliminated from the presentence report. Review of the sentencing hearing reflects that Kitt made corrections to the report and that the judge based the sentence on the corrected record. Assuming, arguendo, that Kitt's trial counsel failed to assist Kitt on the presentence report, Kitt has failed to show that he was prejudiced.

The defendant claims his appellate counsel was ineffective in representing Kitt in the Supreme Court because he refused to raise pertinent issues on direct appeal. It appears that the defendant has raised all of those "pertinent issues" in his supplemental briefs. We have considered all of them in disposing of this appeal.

With regard to Kitt's other claims of ineffective assistance of trial and appellate counsel, we have held that to sustain a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See *State v. Jones,* 230 Neb. 528, 432 N.W.2d 523 (1988).

The defendant has failed to meet this burden of proof. The balance of his claims of ineffective assistance of counsel also have no merit.

With respect to Kitt's claim that his sentence of 5 to 15 years is excessive, this court has held that a sentence within the limits prescribed by statute will not be set aside as excessive absent an abuse of discretion on the part of the sentencing judge. *State v. Lewis,* 230 Neb. 224, 430 N.W.2d 686 (1988); *State v. Ladehoff,* 229 Neb. 111, 425 N.W.2d 352 (1988).

In sentencing the defendant, the judge considered the defendant's criminal history, which he summarized as collectively indicating a disposition to disrespect the law. The judge found that Kitt was not a fit subject for probation and that imprisonment was necessary because the risk was substantial that during any probation he would continue to engage in criminal conduct. The court said Kitt was in need of correctional treatment and that any sentence less than that imposed would depreciate the seriousness of the crime and promote disrespect for the law.

Kitt was convicted of a Class III felony, which is punishable by not less than 1 nor more than 20 years' imprisonment, up to a $25,000 fine, or both. Neb. Rev. Stat. §§ 28-511, 28-518(1), and 28-105 (Reissue 1985). Clearly, Kitt's sentence of 5 to 15 years falls within the prescribed statutory limits, and we find no

basis upon which we can say that the trial court abused its discretion.

Kitt claims the trial judge erred by entering the jury room with the jury at the close of the trial. We find no indication of that in the record, nor does the defendant point to any such reference in the record.

We have carefully examined all of the defendant's remaining assignments of error set forth in his briefs and find they have no merit. The defendant's conviction and sentence are affirmed.

AFFIRMED.