STATE OF NEBRASKA, APPELLEE, V. TERRIE L. MASON, APPELLANT.

440 N.W.2d 490

Filed June 2, 1989.   No. 88-308.

Alan G. Stoler for appellant.

Robert M. Spire, Attorney General, Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

WHITEHEAD, D.J.

Following a trial in the county court for Douglas County, Nebraska, the defendant, Terrie L. Mason, was found guilty of shoplifting over $100. The county judge sentenced the defendant to 6 months' imprisonment in the county jail and a $500 fine. The defendant appeals the conviction and sentence imposed by the county court, which were appealed to the district court for Douglas County. The district court affirmed the judgment.

The record reflects that in the evening hours of December 23, 1987, an employee responsible for store security of the ShopKo store at 7402 North 30th Street in Omaha, Nebraska, observed the defendant and another woman leaving the checkout area pushing a shopping cart containing two large ShopKo bags. Instead of exiting the store, they returned into the store. The employee followed them around the store, watching them add merchandise to the cart and bags. Thereafter, the defendant and her accomplice attempted to leave the store without paying for the added merchandise. At this point, the security employee detained the defendant and her accomplice, and an arrest was made. The defendant denied reentering the store, testifying that she had split the cost of items with her friend, and denied attempting to remove items from the store by concealing them.

The defendant's assignments of error are that the evidence was not sufficient to support a finding of guilt of shoplifting of over $100 and that the sentence of 6 months' imprisonment and a fine of $500 was an abuse of discretion. We affirm.

With regard to the defendant's first assignment of error, we have held numerous times that in determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Zellner*, 228 Neb. 272, 422 N.W.2d 96 (1988).

The defendant argues that the items allegedly shoplifted specifically by her do not total in excess of $100, although from the evidence it appears that the total of the items taken was well in excess of $100. Neb. Rev. Stat. § 28-206 (Reissue 1985) states as follows: "A person who aids, abets, procures, or causes another to commit any offense may be prosecuted and punished as if he were the principal offender." In *State v. Thomas*, 210 Neb. 298, 314 N.W.2d 15 (1981), this court interpreted this section in the context of a brawl which resulted in an assault conviction, although the court noted that in the context of the brawl, attributing particular injuries to particular actions was difficult. This court, however, observed that as a participant in the conspiratorial effort to harm the victim, the defendant was liable for all the victim's injuries. Therefore, the appellant was deemed punishable for all injuries resulting from the crime as a principal, without the necessity of proving his own particular causation for a particular injury. In applying the principles of the *Thomas* case to the case at bar, the parallels are many.

Both the defendant and her accomplice were present at the place of the crime, the store, participating in taking the merchandise. As a participant in a conspiratorial effort to steal from the ShopKo store, the defendant is liable for all items taken.

With respect to the defendant's claim that the sentence of 6 months in the county jail and a $500 fine is excessive for a Class I misdemeanor, which carries a maximum jail term of 1 year, a $1,000 fine, or both, this court has repeatedly held that a sentence within the limits prescribed by statute will not be set aside as excessive absent an abuse of discretion on the part of the sentencing judge. *State v. Lewis*, 230 Neb. 224, 430 N.W.2d 686 (1988); *State v. Ladehoff*, 229 Neb. 111, 425 N.W.2d 352 (1988).

In this case the sentence was well within the limits of the statute and, considering the fact that the record tells us little more than the fact that the defendant had been in jail shortly before the time of sentencing, we can find no abuse of discretion.

AFFIRMED.