STATE OF NEBRASKA, APPELLEE, V. EARL C. CLARK, APPELLANT.
461 N.W.2d 576

Filed October 26, 1990.    No. 90-048.

Thomas M. Kenney, Douglas County Public Defender, and Cheryl M. Kessell for appellant.

Robert M. Spire, Attorney General, Barry Waid, and William L. Howland for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

After a trial to the court, the defendant, Earl C. Clark, was convicted of possession of cocaine and sentenced to imprisonment for 1 to 3 years, with credit for 155 days. He has appealed and contends that the evidence was insufficient to support his conviction and that his sentence is excessive.

The record shows that on July 6, 1989, the Omaha Police Division was carrying out a "reverse sting" sale operation in the area of 40th and Pinkney Streets in Omaha, Nebraska, which consisted of officers posing as drug dealers. Kevan Barbour, a narcotics unit officer, testified that he would sell crack cocaine to parties who approached him and that when a party had purchased drugs, Barbour would signal other officers to arrest the subject.

Officer Barbour further testified that on July 6, 1989, the defendant approached him and stated that he wanted a "twenty." A "twenty" refers to 20 dollars' worth of crack cocaine. Barbour removed what he thought was 20 dollars' worth of cocaine from a sack on the ground and handed it to the defendant. After examining the cocaine, the defendant stated that it was too small and handed it back. Barbour then handed the defendant a larger package of cocaine, and, according to Officer Barbour, the defendant handed over $20. After receiving the $20 from the defendant, Officer Barbour gave the signal to other officers to arrest the defendant. While the defendant was being arrested, he dropped the packet of cocaine, which Barbour recovered.

The defendant testified to a somewhat different version of the event. He testified that he asked Officer Barbour for "a twenty," that Officer Barbour handed him a package of cocaine, and that he handed it back to Barbour because it was

too small. The defendant further testified that Barbour then handed him a larger package of cocaine and that he looked at it for about a minute and a half while deciding whether to make the purchase. According to the defendant, Officer Barbour at that time just "snatched the money" from him and he was instantly tackled by other officers and arrested. The defendant testified that he did not offer money to Barbour to purchase the cocaine and that he was "on the verge of giving [the cocaine package] back to [Officer Barbour]" when he had his money snatched away. He asserts that he did not intend to purchase the cocaine from Officer Barbour.

The defendant's first assignment of error is that there was insufficient evidence to support his conviction for possession of cocaine because he did not have the "intent" to possess and control said substance.

In determining whether the evidence is sufficient to sustain a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the conviction must be sustained if, taking the view of the evidence most favorable to the State, there is sufficient evidence to support the conviction. *State v. Johns*, 233 Neb. 477, 445 N.W.2d 914 (1989); *State v. Bustos*, 230 Neb. 524, 432 N.W.2d 241 (1988); *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988); *State v. Lewis*, 230 Neb. 224, 430 N.W.2d 686 (1988).

Where a law action is tried to the court without a jury, the finding of the court has the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong. *State v. Foster*, 196 Neb. 332, 242 N.W.2d 876 (1976); *Siefford v. Housing Authority*, 192 Neb. 643, 223 N.W.2d 816 (1974). In criminal cases, the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the State, to support it. *State v. Lacy*, 195 Neb. 299, 237 N.W.2d 650 (1976); *State v. Fowler*, 193 Neb. 420, 227 N.W.2d 589 (1975).

To sustain a conviction for possession of a controlled substance, all the State must prove is that the defendant

"knowingly or intentionally" possessed the substance, see Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 1988). In this case, the evidence, taking the view most favorable to the State, was more than sufficient for the trial court to conclude that the defendant "knowingly or intentionally" possessed the controlled substance.

The evidence shows that the defendant drove to an area where he knew he could purchase crack cocaine. He approached an undercover police officer who was posing as a drug dealer and asked to buy 20 dollars' worth of crack cocaine. The undercover officer handed the defendant a $20 package of cocaine. The defendant was unhappy with the size of the cocaine package, so he returned it to the undercover officer. The undercover officer then handed the defendant a larger package of cocaine, which the defendant examined. According to Officer Barbour, the defendant then handed Barbour the $20 and Barbour signaled the other officers to arrest the defendant. Taking the view of the evidence most favorable to the State, we find that the evidence was more than sufficient for the trial court to find beyond a reasonable doubt that the defendant "knowingly or intentionally" possessed cocaine.

In his second assignment of error, the defendant contends that the sentence imposed by the district court was an abuse of discretion and that the court erred by sentencing him to a term of imprisonment rather than probation.

A sentence which is within the range prescribed by statute will not be disturbed absent an abuse of discretion. *State v. Sutton*, 231 Neb. 30, 434 N.W.2d 689 (1989); *State v. Kitt*, 231 Neb. 52, 434 N.W.2d 543 (1989); *State v. Hoffman*, 227 Neb. 131, 416 N.W.2d 231 (1987). See, also, *State v. Guida*, 230 Neb. 961, 434 N.W.2d 522 (1989). Further, a sentence of probation, as opposed to a sentence of imprisonment, is a matter within the discretion of the trial court and will not be set aside on appeal absent an abuse of discretion. *State v. Thayer*, 235 Neb. 70, 453 N.W.2d 474 (1990); *State v. Grell*, 233 Neb. 314, 444 N.W.2d 911 (1989); *State v. Knoefler*, 227 Neb. 410, 418 N.W.2d 217 (1988).

The defendant is 30 years of age. He was convicted of a Class IV felony, which carries a maximum term of 5 years'

imprisonment, a $10,000 fine, or both. See, Neb. Rev. Stat. § 28-105(1) (Reissue 1985) and § 28-416(3). The defendant was sentenced to a term of 1 to 3 years' imprisonment, with 155 days' credit for time served prior to sentencing. The sentence imposed on the defendant was well within the statutory guidelines.

In sentencing the defendant, the trial court noted that the defendant had been involved with drugs since 1980 and had "[a]t least three prior drug-related convictions, two DWI, 12 misdemeanor, other misdemeanor convictions." The trial court stated that the defendant was sentenced to prison because "[a] sentence to probation would simply promote disrespect for the law." There was no abuse of discretion regarding the sentence imposed in this case.

The judgment of the district court is affirmed.

AFFIRMED.