STATE OF NEBRASKA, APPELLEE, v. JOEL D. WINCHESTER, APPELLANT.

476 N.W.2d 862

Filed November 15, 1991.   No. 91-173.

Thomas M. Kenney, Douglas County Public Defender, and Cheryl M. Kessell for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This case is an appeal from the district court for Douglas County. The defendant, Joel D. Winchester, was convicted by the trial court, sitting without a jury, of first degree sexual assault, use of a knife in the commission of a felony, and first degree false imprisonment. After a hearing, the court determined that defendant was not a mentally disordered sex offender. Defendant was sentenced to 8 to 15 years' imprisonment for the sexual assault; 2 to 5 years for the use of a knife to commit a felony, to be served consecutively to the sentence for sexual assault; and 5 years for the false imprisonment, to be served concurrently "with any other sentences." Credit was given on the sentences for time served. The defendant timely appealed, alleging that the trial court erred in determining the evidence was sufficient to support the convictions and in imposing excessive sentences. We affirm.

A conviction in the bench trial of a criminal case must be sustained on appeal if the evidence, viewed and construed in the light most favorable to the State, is legally sufficient to support that conviction. *State v. Twohig*, 238 Neb. 92, 469 N.W.2d 344 (1991). So viewed, the record shows the following: In the early morning hours of June 7, 1990, the victim willingly accompanied defendant, whom she had just met, to find a girl friend of the victim's. Defendant took the victim to an Omaha bookstore where defendant worked. After the victim entered the store, defendant's friendly attitude toward her changed. Defendant walked up behind the victim, grabbed her hair, and put a knife to her throat. Although the victim was struggling and pleading, the defendant forced her to the back of the building, stating, "Do what you're told, or you're going to get killed, you bitch." The defendant either ripped or cut the victim's clothing and told her to take her dress off, which she did.

After much struggling, the defendant threw the victim to the floor and sat on her back. He continued to threaten the victim with the knife, "swinging it around and scraping [the victim] with it on [her] arms and scraping [her] with the knife as he was trying to hold [her] down 'cause [she] was trying to get away." Defendant then pulled the victim's arms behind her back and

bound them with duct tape.

In her testimony the victim then described a "thrust" into her vagina. She thought the object thrust into her was either the handle of the knife or the defendant's fingers. She testified it was not defendant's penis. After this, defendant began to pick up books that had been knocked from the shelves during the struggle, while making strange statements such as "Mommy's going to be mad." The victim was able to get away from him and to escape through the front door.

By chance, two police cruisers were parked across the street from the small shopping mall in which the bookstore was located. A police officer testified that at about 3:30 a.m. the naked victim came running toward the cruisers, with her hands taped behind her back. She was hysterical and was screaming, "He's trying to kill me. He's got a knife." The victim had cuts and scrapes on her arms, legs, and neck.

The victim pointed out the defendant to the police officers. One of the officers tried to apprehend the defendant, but defendant ran into the bookstore and locked the door. The officer broke out the glass door, entered the store, and captured defendant at the back of the store. After the officer captured defendant, he removed a knife from defendant's person. The victim testified that it was the knife used in the assault.

The victim did not tell officers at the scene that she had been sexually assaulted. She told them that the defendant had not removed his clothes during the assault. The victim was taken to the hospital and examined by a doctor, but no one did a vaginal examination, and the victim said nothing to any medical personnel about the penetration. The victim said she did not tell anyone about it because she did not realize that the penetration, which was obviously not penile penetration, constituted a sexual assault in the first degree.

The victim first mentioned the penetration approximately 3 weeks later, when she told her husband about it. She testified that her husband encouraged her to tell someone about the penetration and that she told the prosecutor involved with the case the next time she was in contact with him. That next contact was about a week before the trial.

The defendant was originally charged with attempted first

degree sexual assault. A week prior to trial, after the victim informed the State prosecutor that there had been vaginal penetration, the State moved for leave of court to amend the information to charge first degree sexual assault. A preliminary hearing was held on the charges, and at its conclusion, the district court allowed the amendment and ordered defendant held for trial.

A criminal conviction will not be reversed if the evidence, viewed most favorably to the State, is legally sufficient to support the conviction. *State v. Tuttle*, 238 Neb. 827, 472 N.W.2d 712 (1991); *State v. Johnson*, 236 Neb. 831, 464 N.W.2d 167 (1991). When a case is tried to the court without a jury, the finding of the court has the same effect as a jury verdict. *State v. Clark*, 236 Neb. 475, 461 N.W.2d 576 (1990).

This court may set aside a verdict in a criminal case as unsupported only "when the evidence is so lacking in probative force that the court can say as a matter of law that the evidence is insufficient to support a finding of guilt beyond a reasonable doubt." *State v. Frazier*, 234 Neb. 107, 109, 449 N.W.2d 230, 231 (1989). Accord *State v. Hai Dang*, 220 Neb. 120, 368 N.W.2d 486 (1985).

In the case before us, if the trial court determined that the victim was credible, her version of the facts fully supports a guilty verdict. When reviewing a conviction in a criminal case, the Supreme Court does not resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Those matters are left to the fact finder at the trial. *State v. Johnson, supra*. The trial judge in the case before us chose to believe the testimony of the victim, and that testimony is more than sufficient evidence to support the guilty verdict.

The victim's explanation for her failure to immediately notify the officers and medical personnel of the sexual penetration is credible. It is not common knowledge among laypersons that anything other than penile penetration may constitute penetration sufficient to result in a sexual assault in the first degree. Neb. Rev. Stat. § 28-319(1) (Reissue 1989) provides in substance that anyone who subjects another to sexual penetration by threats, force, or deception is guilty of

first degree sexual assault. Sexual penetration includes within its definition penetration by "any object manipulated by the actor into the genital or anal openings of the victim's body." Neb. Rev. Stat. § 28-318(6) (Reissue 1989). The facts in this case, as testified to by the victim, support a determination that there was an intrusion into the body of the victim. We hold that there was sufficient evidence in this case to support the convictions and that defendant's first assignment of error is without merit.

Defendant next contends that the trial court erred in imposing excessive sentences. First degree sexual assault is a Class II felony, Neb. Rev. Stat. § 28-319(2) (Reissue 1989), subject to a sentence of 1 to 50 years' imprisonment. Use of a knife to commit a felony is a Class III felony, Neb. Rev. Stat. § 28-1205(2) (Reissue 1989), subject to a sentence of 1 to 20 years' imprisonment, a $25,000 fine, or both. First degree false imprisonment is a Class IV felony, Neb. Rev. Stat. § 28-314(2) (Reissue 1989), subject to a maximum of 5 years' imprisonment, a $10,000 fine, or both.

Section 28-1205(3) provides that the use of a knife in the commission of a felony "shall be treated as a separate and distinct offense from the felony being committed, and sentences imposed under the provisions of this section shall be consecutive to any other sentence imposed." The Nebraska Supreme Court has held that this language is mandatory and the trial court has no discretion to order that the sentence be served concurrently. *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988).

The sentences imposed on defendant are obviously within the statutory limits for each crime. This court will not disturb a sentence on appeal if the sentence is within the statutory limits and the sentencing court did not abuse its discretion. *State v. Tuttle, supra*; *State v. Johnson, supra*. Some of the factors a court should consider when imposing a sentence are the seriousness of the offense and the motivation for the offense, as well as a defendant's past criminal record and the amount of violence involved in the commission of the crime. *State v. Thomas*, 229 Neb. 635, 428 N.W.2d 221 (1988).

The defendant in this case has an extensive criminal record,

including convictions for burglary and sexually related crimes. The facts of this case, as set out above, show that great violence was involved in these crimes. The trial court did not abuse its discretion in imposing the sentences herein. Defendant's assignments of error are without merit.

AFFIRMED.