905 P.2d 740

STATE of New Mexico,
Plaintiff–Appellee,

v.

Anthony ARMIJO, Defendant–Appellant.

No. 16274.

Court of Appeals of New Mexico.

Sept. 12, 1995.

Certiorari Denied Nov. 1, 1995.

Tom Udall, Attorney General, Santa Fe, for Plaintiff–Appellee.

Liane E. Kerr, Albuquerque, for Defendant–Appellant.

## OPINION

HARTZ, Judge.

1. Defendant appeals his convictions of felony shoplifting, conspiracy, and concealing identity. The calendar notice proposed summary affirmance. Defendant has timely responded with a memorandum in opposition. We affirm.

2. We need discuss only two of Defendant's issues. The others are resolved adequately by the discussion of them in the calendar notice, which we adopt but do not include in this published opinion.

3. The first issue we address in this opinion can be resolved summarily. Defendant contends that he cannot be convicted of both shoplifting and conspiracy to shoplift because the shoplifting statute, NMSA 1978, § 30–16–20(C) (Repl.Pamp.1994), prohibits the state from charging a person with both shoplifting and "a separate or additional offense arising out of the same transaction." That contention, however, was rejected in *State v. Leyba,* 93 N.M. 366, 600 P.2d 312 (Ct.App. 1979).

4. The more interesting issue is Defendant's claim that he cannot be convicted of felony shoplifting, which requires taking goods worth more than $250. Section 30–16–20(B)(3). The evidence at trial showed that Defendant was apprehended taking merchandise from Sears worth $174.95 and his coconspirator was apprehended promptly thereafter with Sears merchandise worth $144.96. Although Defendant left the store before his coconspirator, surveillance cameras showed that they had been wandering through the store, sometimes close to one another, placing jeans into shopping bags that each carried. (We need not recite all the evidence supporting the conspiracy conviction.) De-

fendant argues that the value of the goods his coconspirator took cannot be added to the value of the goods he took to establish the prerequisite for making the shoplifting a felony—the theft of goods worth more than $250. We reject the argument.

 5. As a general rule, one who participates in a criminal venture is treated by the law as if he or she had committed all of the criminal acts of the other participants. An accessory (say, the getaway driver) is prosecuted and punished as a principal. NMSA 1978, § 30–1–13 (Repl.Pamp.1994); *State v. Wall*, 94 N.M. 169, 171–72, 608 P.2d 145, 147–48 (1980), *overruled on another issue by State v. Lucero*, 116 N.M. 450, 863 P.2d 1071 (1993). A conspirator is ordinarily responsible for the criminal acts of coconspirators in furtherance of the conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 645–48, 66 S.Ct. 1180, 1183–84, 90 L.Ed. 1489 (1946); *State v. Ochoa*, 41 N.M. 589, 600, 72 P.2d 609, 616 (1937). Consequently, each member of a band of thieves that loots a warehouse is treated as having taken all the loot.

6. A familiar reference work states the applicable rule:

> Where several persons accused participated in a larceny, if the aggregate value of the goods taken by them at the same time and place exceeds the statutory amount, the crime is grand larceny, although the part taken by each accused or the share which each, after a division, would have received, is less than that amount. The grade of the offense and the penalty to be imposed are to be determined by the value of the property stolen, and not by the value of the part found in the thief's possession.

52A C.J.S. *Larceny* § 60(3)(c) (1968) (footnotes omitted). *See Knight v. State*, 217 So.2d 124, 125 (Fla.Dist.Ct.App.1968); *State v. Mason*, 232 Neb. 400, 440 N.W.2d 490, 492 (1989) (shoplifting); *State v. Riley*, 168 W.Va. 129, 282 S.E.2d 623, 628 (1981); *Neilson v. State*, 599 P.2d 1326 (Wyo.1979), *cert. denied*, 444 U.S. 1079, 100 S.Ct. 1031, 62 L.Ed.2d 763 (1980).

7. Here, Defendant and his cohort were taking merchandise from the same store at the same time. Because they were working together, the jury could properly attribute to Defendant all the merchandise taken, regardless of whose bag the merchandise was found in. This result is required by the rules of vicarious responsibility in the criminal law. The authority we have found supports the result and we have been pointed to no authority to the contrary.

8. Defendant's convictions and sentence are affirmed.

**IT IS SO ORDERED.**

ALARID and BOSSON, JJ., concur.