# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                               **NO. 28,913**

**FLORINDA DIXON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant entered a conditional plea of no contest to shoplifting over $500, reserving the right to appeal an evidentiary ruling of the court, and the court's ruling

that she would not be allowed lesser-included offense instructions. [RP 65, 70, 74-76; DS 4] Our notice proposed to affirm. Defendant responded with a memorandum in opposition. We have considered Defendant's arguments, but are not persuaded by them. We affirm.

**BACKGROUND**

During opening statement, defense counsel presented Defendant's theory of defense. She informed the jury that Defendant went with Defendant's friend Leslie to Dillard's and knew that Leslie often shoplifted. [DS 3] At Dillard's, Defendant knew Leslie was shoplifting. Defendant also decided that she would shoplift and concealed some items, apparently clothes, in her empty baby stroller. At that point Leslie, without Defendant's consent, also placed some clothes in Defendant's stroller. [DS 3-4] Defendant expressed some concern, but Leslie gave her a look that Defendant interpreted to mean that she should just go along with it. Defendant was unsure what to do, but she decided to leave the store with all of the items in the stroller because she was afraid to be seen taking items out of the cart. She decided to leave the store because she was "confused and unsure of exactly what Leslie was thinking." [DS 3] Defendant told the jury that the State would not provide any evidence about what Defendant took and what Leslie took. [DS 3-4] Defense counsel asked the jury to convict Defendant only for the items she willfully took—not for what Leslie took.

[DS 4] Defendant did not concede that she aided and abetted Leslie. [DS 4]

After hearing Defendant's opening statement, the court informed Defendant that it would uphold all objections from the State relating to which goods were placed in the stroller by which woman. [DS 4-5] The court also stated that it would not submit Defendant's lesser-included offense instructions of shoplifting under $250 or shoplifting more than $250 but less than $500. [DS 4-5] After these rulings, Defendant entered a conditional plea of no contest, reserving the right to appeal them.

**DISCUSSION**

**A. Evidentiary Ruling**

We review evidentiary rulings for an abuse of discretion. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. We review the court's ruling on lesser-included offense instructions as a mixed question of law and fact. *State v. Salazar*, 1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996 ("The propriety of jury instructions given or denied is a mixed question of law and fact. Mixed questions of law and fact are reviewed de novo."). "In order to obtain an instruction on a lesser included offense, '[t]here must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable.'" *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.2d 313 (quoting *State v. Curley*, 1997-NMCA-038, ¶ 5, 123 N.M. 295, 939 P.2d 1103).

3

Defendant argued below that Defendant and Leslie shoplifted separately, thereby making relevant any evidence regarding who took what items. [DS 5] In her docketing statement and memorandum in opposition, Defendant characterizes the court's rulings as denying her the right to present a defense. [DS 6; MIO 4-8] She argues that evidence excluded by the court goes to "the heart of the defense's case." [MIO 8]

Shoplifting consists of willfully taking possession of merchandise with the intention of converting it without paying for it, or concealing merchandise with the intention of converting it without paying for it. *See* NMSA 1978, § 30-16-20(A) (2006). We interpret "willfully" as connoting knowledge. *See State v. Padilla*, 2006-NMCA-107, ¶ 34, 140 N.M. 333, 142 P.3d 921 (stating that "willfully" implies knowledge), *reversed on other grounds*, 2008-NMSC-006, 143 N.M. 310, 176 P.3d 299; *State v. Elmquist*, 114 N.M. 551, 552, 844 P.2d 131, 132 (Ct. App. 1992) (stating that the term "willful" has been defined as "requiring proof the person acted intentionally in the sense that he was aware of what he was doing").

Under *State v. Armijo*, 120 N.M. 702, 703, 905 P.2d 740, 741 (Ct. App. 1995), where defendants are shoplifting and working together, each is responsible for the total of all of the merchandise taken, regardless of whose bag the merchandise was in. *Armijo* announces the principle that codefendants are responsible for the aggregate of merchandise taken; their liability is not lessened by dividing up who took what item.

4

This is the principle underlying the court's ruling.

On the facts, as admitted by Defendant, we hold that the court correctly applied the principle established by *Armijo*. Defendant admitted that she herself was shoplifting, admitted knowledge that Leslie was shoplifting, admitted knowledge that Leslie had placed the additional items in her stroller, and admitted trying to leave the store with all of the items without paying for them. Thus, under *Armijo*, she would be responsible for all items. Evidence separating who took what is not relevant and does not provide a valid defense.

If Defendant had claimed she did not know that Leslie placed the items in her stroller, then Defendant's argument separating who took what would appear to be relevant because then it would relate to Defendant's knowledge and whether she acted willfully. On these facts, however, Defendant admitted that she acted with knowledge. Her claims that she was "confused and unsure of exactly what Leslie was thinking" and afraid to take items out of her stroller because she might be observed do not negate the element of knowledge when she admitted that she knew all of the items were in her stroller when she attempted to leave the store.

As a general matter, we agree with Defendant that the right to present a defense is fundamental. [MIO 4-8] But on these facts, the principle underlying Defendant's defense—that she was responsible only for the items she placed in the stroller—was

5

an incorrect statement of law and presented an invalid theory of defense. Therefore, the court correctly limited evidence relating to an incorrect statement of law and to an invalid theory of defense. The right to present a defense does not include the right to rely on an incorrect legal theory. *Cf. State v. Nieto*, 2000-NMSC-031, ¶ 17, 129 N.M. 688, 12 P.3d 442 (holding that a defendant has no right to have a legally incorrect jury instruction read to the jury or to mislead the jury through a misstatement of the law). Consequently, the trial court's limitation on Defendant's presentation of evidence was correct, and we find no error.

**B.      Right to a Lesser-Included Offense Instruction**

Defendant argues that because she only took some of the items amounting to less than $500, she was entitled to two lesser-included offense instructions—one for shoplifting $250 to $500 and one for shoplifting under $250. [MIO 9-11] We review the propriety of jury instructions as a mixed question of law and fact. *See State v. Gaitan*, 2002-NMSC-007, ¶ 10, 131 N.M. 758, 42 P.3d 1207. In deciding this issue we consider the facts in the light most favorable to Defendant. *See State v. Hill*, 2001-NMCA-094, ¶ 5, 131 N.M. 195, 34 P.3d 139.

Defendant's argument is inextricably linked to the evidentiary claim we have just addressed. For the same reasons, Defendant's claim that she only took some of the items, thereby reducing the value of the items taken, did not entitle her to lesser-

6

included offense instructions. On the facts, as admitted, she was liable for the aggregate amount of the items. As we have mentioned, our conclusion might be different if Defendant had claimed she did not know Leslie had placed the items in her stroller, but that was not Defendant's claim. Because Defendant admitted that she was shoplifting herself, admitted that she knew about all of the items, and admitted that she tried to leave the store with them, the court was correct in concluding that her argument that she only took some of the items did not entitle her to lesser-included offense instructions. Under the circumstances, there was no view of the evidence to support a conclusion that the lesser offenses were the highest degree of crime committed, and Defendant's position, which relied on an incorrect legal theory, was not reasonable. *See Brown*, 1998-NMSC-037, ¶ 12; *Nieto*, 2000-NMSC-031, ¶ 17 (stating that a trial court's refusal to submit an instruction that promotes a misstatement of law is not error).

For these reasons, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

7

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**