This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                        **No. 32,227**

**RUBEN MARQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Defendant appeals his convictions for arson and conspiracy. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Defendant has raised two issues, challenging both the sufficiency of the evidence to support his convictions and the propriety of the sentence imposed. Because we previously addressed these matters in the notice of proposed summary disposition, we will not reiterate at length here.

{3}     With respect to the sufficiency of the evidence, as we previously explained, Defendant's conviction for arson was supported by evidence that Defendant aided and abetted the commission of arson by driving two other individuals to and from a location where they deliberately started a fire with an intent to damage or destroy a structure and its contents. [MIO 1-2] This supplied an adequate evidentiary basis for a conviction based on accessory liability. *See* NMSA 1978, § 30-1-13 (1972); *State v. Carrasco*, 1997-NMSC-047, ¶ 6, 124 N.M. 64, 946 P.2d 1075 (providing that "[a] person who aids or abets in the commission of a crime is equally culpable"); *see, e.g.*, *State v. Armijo*, 120 N.M. 702, 703, 905 P.2d 740, 741 (Ct. App. 1995) (observing that a getaway driver may properly be prosecuted and punished as a principal). It is also sufficient to support a conviction for conspiracy. *See id.* (observing that a

getaway driver may properly be held criminally liable as both an accomplice and a co-conspirator).

{4} In his memorandum in opposition, Defendant continues to argue that his convictions should be reversed in light of the State's failure to prove that he knew in advance that the other individuals intended to commit arson. [MIO 2] However, the requisite knowledge and intent could properly be inferred from the circumstantial evidence. *See State v. Riley*, 82 N.M. 298, 299, 480 P.2d 693, 694 (Ct. App. 1971) ("The question of whether the alleged aider and abettor did share the principal's criminal intent, and whether he knew the latter acted with criminal intent, is one of fact for the jury and may be inferred from circumstances." (internal quotation marks and citation omitted)); *see also State v. Johnston*, 98 N.M. 92, 95, 645 P.2d 448, 451 (Ct. App. 1982) (observing that conspiracy is rarely susceptible of direct proof and that circumstantial evidence is sufficient to support a conspiracy conviction). As we previously observed, the fact that Defendant maintained otherwise does not render the State's evidence insubstantial. *See generally State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (observing that "the jury is free to reject [a d]efendant's version of the facts").

{5} With respect to the second issue on appeal, Defendant continues to argue that his sentence is disproportionate to the degree of culpability in this case and constitutes

cruel and unusual punishment. [MIO 5-8] However, as we previously observed, Defendant's sentence is within the permissible statutory range. "It is the Legislature's province to set penalties for crimes and only in exceptional circumstances will the court invade this province." *State v. Rueda*, 1999-NMCA-033, ¶ 16, 126 N.M. 738, 975 P.2d 351. The four-year sentence of incarceration imposed in this case, together with five additional years suspended and a two-year period of supervised parole [RP 76], does not in our estimation constitute punishment so disproportionate to the character of the offenses as to "shock the general conscience or violate principles of fundamental fairness." *Id.* (internal quotation marks and citation omitted). We therefore reject Defendant's challenge to his sentence.

{6}     Accordingly, for the reasons stated earlier and in the notice of proposed summary disposition, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**

4

_____

**LINDA M. VANZI, Judge**