This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                    **No. 35,331**

**DOUGLAS JEFFREY**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Raymond L. Romero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}    Defendant has appealed his convictions for shoplifting and conspiracy. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

{2}    We previously described the pertinent background and applicable principles of law in the notice of proposed summary disposition. We will avoid undue reiteration here. Instead, we will focus on the content of the memorandum in opposition.

{3}    Defendant continues to challenge the sufficiency of the evidence. [MIO 6-11] However, as we previously observed, the testimony of the loss prevention employee, together with the surveillance video, provide sufficient direct and circumstantial evidence of each of the elements of the offenses at issue. *See, e.g., State v. Armijo*, 1995-NMCA-115, ¶¶ 1, 4, 7-8, 120 N.M. 702, 905 P.2d 740 (upholding convictions for shoplifting and conspiracy based on similar evidence, including surveillance video, reflecting that the defendant committed the offenses in concert with another).

{4}    With respect to the conviction for shoplifting, we understand Defendant to contend that the element of possession was insufficiently established because the merchandise remained inside the store, which effectively retained possession. [MIO 7] However, exclusivity of possession is not required, and the fact that Defendant and his co-conspirator were thwarted by the loss prevention employee does not diminish

the preceding assertion of control. *See State v. Bankert*, 1994-NMSC-052, ¶ 31, 117 N.M. 614, 875 P.2d 370 ("By willingly exercising control at any point . . ., the parties have committed the illegal act of possession."). We therefore reject Defendant's argument.

{5}    With respect to the conviction for conspiracy, we understand Defendant to challenge the sufficiency of the evidence to establish the requisite agreement. [MIO 9] Specifically, Defendant argues that the evidence is insufficient to prove that Defendant and his co-conspirator "by words or acts agreed together to commit [s]hoplifting *over $500*[.]" [RP 90 (emphasis added); MIO 9] We disagree. "A conspiracy can be established by an inference from circumstantial evidence." *Id.* ¶ 38. In this case, evidence was presented that Defendant participated in the taking of two televisions, with a total value of $1,798, from their location in the electronics department. [MIO 2] Defendant helped lift both of the televisions and placed them into the shopping cart with which he and his accomplice attempted to exit the store. [MIO 2, 9-10] Based on these acts, we conclude that the jury could reasonably infer that Defendant and his co-conspirator agreed to commit shoplifting over $500. *See generally State v. Gallegos*, 2011-NMSC-027, ¶ 45, 149 N.M. 704, 254 P.3d 655 (recognizing that because conspiracies are clandestine in nature, direct evidence of agreement between the conspirators is seldom available; therefore, "[t]he jury may . . .

infer the existence of an agreement based on [the parties'] conduct and the surrounding circumstances, [even though it] raises . . . the specter of conviction by guess and speculation").

{6}     Accordingly, for the reasons stated in our notice of proposed summary disposition and in this Opinion, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**STEPHEN G. FRENCH, Judge**

4