Joseph Jiudice, J.
This is a motion by the defendant above named for an order dismissing a charge of violation of probation. The defendant was convicted on June 12, 1962, before the County Court of Dutchess County for the crime of abandonment of children, a felony, and was sentenced to 11 months and 27 days in the Dutchess County Jail, the execution of the sentence having been suspended. The defendant was placed on probation for a period of three years. By information of the County Probation Department dated April 1, 1964, the defendant was charged with a violation of this probation in that he failed to report as directed by the court on or about the. 29th day of April, 1963.
*43 The District Attorney, in his answering affidavit, claims that the defendant had absconded on or about the 29th day of April, 1963, and his whereabouts were unknown until this year when he was apprehended in the City of New York and for this reason, it is claimed that the term of probation must be extended by that period of time during which the probationer remained absent from the jurisdiction. The record indicates, however, that at the time of the defendant’s original conviction in June, 1962, he was a resident of the City of New York and that he has continued to remain so during the entire period in question.
This court is of the opinion that the Probation Department was under an obligation, in view of the circumstances, to exercise diligence in serving the warrant which was issued pursuant to the information dated April 1, 1964. If the Probation Department had reason to suspect that the defendant was in hiding or was, in fact, evading .service of a warrant, or if there was evidence that the defendant had absconded, it should have applied to this court upon a new information setting forth the fact that the defendant had absconded in order to secure the issuance of a new warrant, thereby tolling the Statute of Limitations. It is difficult for this court to believe that the Probation Department was unaware of the whereabouts of this defendant and was unable to effect service of the warrant since 1964. The Department of Probation has a duty to use due diligence in executing a warrant for violation of probation and it likewise has a duty, in a case where it suspects that a probationer has absconded, to file a new information setting forth this fact on the record in order to take advantage of those provisions of section 933 of the Code of Criminal Procedure extending the probationary period.
Under the circumstances in this case, it is the judgment of this court that the failure to exercise the warrant issued in April of 1964, there being no showing in the record that the defendant was in hiding or evading service of a warrant, or that he was incarcerated after a conviction for another crime, is tantamount to a waiver of the violation. Therefore, the court finds that the defendant’s probationary period expired as of June 12, 1965; consequently, this court has no jurisdiction over the defendant and is without jurisdiction to resentence him for the violation of probation (People v. Valle, 7 Misc 2d 125 [1957]).
Accordingly, the complaint charging violation of probation is dismissed.