STATE OF NEBRASKA, APPELLEE, V. CARLOS VALDEZ, APPELLANT.
476 N.W.2d 814

Filed November 8, 1991.    No. 90-552.

Charles F. Fitzke, Scotts Bluff County Public Defender, and Bernard J. Straetker for appellant.

Don Stenberg, Attorney General, and Barry Waid for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Defendant, Carlos Valdez, was charged in Scotts Bluff County with intentionally distributing, delivering, or dispensing cocaine on January 9, 1990, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1989). After jury trial, defendant was found guilty. After a presentence investigation, defendant was sentenced to 4 to 7 years' imprisonment. He timely appealed to this court, assigning as error the actions of the trial court in (1) failing to grant defendant's motion for a continuance of the trial, (2) failing to grant defendant's motion for mistrial, and (3) imposing "an unreasonable sentence under the circumstances." We affirm.

In connection with defendant's contentions concerning the trial court's refusal to grant a continuance, the record shows the following: On January 30, 1990, defendant appeared in the county court. The complaint was read to him, and the county court, "satisfied that he [was] indigent," appointed the public defender to represent defendant. Defendant's bond was set at $50,000, and the preliminary hearing was set for February 9.

On February 1, defendant appeared with private counsel for a bond review hearing. Defendant's bond was reduced to $25,000. Defendant posted 10 percent of this amount and was released on bond. On February 5, the public defender was allowed to withdraw. On February 9, defendant's privately retained counsel was permitted to withdraw, due to a conflict of interest, and the preliminary hearing was continued to February 27.

On February 27, defendant appeared with a different privately retained attorney, Robert L. Gridley. After the preliminary hearing, defendant was bound over to the district court for trial.

On March 2, Gridley filed a plea in abatement on behalf of defendant. On March 16, this plea was overruled and defendant was arraigned. His plea of not guilty was accepted, and trial was

set for the jury term beginning on April 30.

On March 30, Gridley, on behalf of defendant, filed a motion for discovery and a motion for change of venue. On April 13, both defendant's and the State's motions for discovery were granted. On April 20, a hearing was held on defendant's motion for change of venue, and the motion was denied. Defendant then advised the court that he was unable to retain Gridley for future representation. After inquiry, the court found that "the defendant and counsel were willing to enter into an agreement for later payment and therefore the defendant did not require appointed counsel."

On April 25, Gridley filed a motion to withdraw and a motion for continuance in the event the motion to withdraw was denied. On April 26, the trial court had a hearing on these motions. Defendant, Gridley, and the county attorney were present. Evidence was adduced. The court then "overruled defense counsel's motion to withdraw, motion for a [sic] appointment of counsel and motion for continuance."

On April 30, Gridley filed another motion to withdraw. Accompanying this motion was Gridley's affidavit stating that defendant had discharged him on April 27, and stating that the relationship between Gridley and defendant had reached the point where it was "impossible for [the attorney] to prepare an adequate defense in this matter." Also accompanying this motion was a "Discharge of Counsel" signed by defendant.

A hearing was held on this motion on the morning of April 30, just before a jury was to be selected. The court denied the motion, but did appoint Charles Fitzke, the public defender, as cocounsel with Gridley. A jury was then selected with the understanding that trial was to begin on May 7. On May 3, defendant appeared before the court with both Gridley and Fitzke, as his cocounsel, and again requested a continuance of the trial. The motion was denied. The trial began with opening statements at approximately 9 a.m. on May 7. Both Gridley and Fitzke were present at the trial, but public defender Fitzke conducted cross-examination and direct examination on behalf of defendant. Six witnesses were called by the State. Defendant testified in his own behalf. The jury reached its verdict of guilty on May 7 at 7:30 p.m.

It is with this procedural background that defendant contends the court erred in not granting any of his requested continuances. The law in this area is settled. " 'A motion for a continuance in a criminal case is addressed to the . . . discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion.' " *State v. Blair*, 230 Neb. 775, 779-80, 433 N.W.2d 518, 522 (1988), quoting *State v. Eichelberger*, 227 Neb. 545, 418 N.W.2d 580 (1988).

In determining whether a trial court has abused its discretion in refusing to grant a continuance, it is proper for the reviewing court to look at the entire record in the case. *State v. Broomhall*, 221 Neb. 27, 374 N.W.2d 845 (1985). See Neb. Rev. Stat. § 25-1148 (Reissue 1989).

Examination of the entire record shows that the case against defendant was proved by the testimony of a "cooperating individual," who had himself been arrested for selling drugs. The narcotics authorities provided money, and the cooperating individual purchased cocaine from defendant. Both the cooperating individual and the officer in charge of the transaction testified at the preliminary hearing and were cross-examined by Gridley, acting as defendant's attorney. Both testified at the trial. Three other officers testified at trial as to various details of the cocaine sale, and a chemist testified that the substance sold was cocaine. Defendant testified at trial that he sold the cocaine to the cooperating individual, because "I [the defendant] needed the money . . . and I was going to get a good deal, so I went and I got it for him." Defendant did further testify he had refused to make other sales to the same individual. The case was tried in 1 day. No involved factual issues were present.

Defendant apparently wanted to present a "unique" entrapment defense, but defendant himself would know the facts necessary to prove such a defense. After the pretrial hearings, no statements were made to the court setting out any specific reason why additional time was needed. As we stated in *State v. Pierce and Wells*, 215 Neb. 512, 519, 340 N.W.2d 122, 127 (1983), "There is no abuse of discretion by the court in denying a continuance unless it clearly appears that defendant

suffered prejudice as a result thereof."

The trial court did not abuse its discretion in denying a continuance of the trial. Defendant's contention of error in this respect is without merit.

Defendant then contends that the trial court erred in denying defendant's request for a mistrial. Defendant contends that

the issues involved are whether the prosecution overtly sought a decision on an improper basis, whether either irrelevant evidence or relevant but overwhelmingly prejudicial evidence, was improperly exhibited to the jury, and whether an attempt to cleanse the record with a tenuous finding of relevance could cure obvious prejudicial error.

The law with regard to granting a mistrial based on prosecutorial misconduct is settled. In order for error to be predicated upon misconduct of counsel, it must be so flagrant that neither retraction nor rebuke from the court can entirely destroy its influence. *Parker v. State*, 67 Neb. 555, 93 N.W. 1037 (1903). Before it is necessary to grant a mistrial due to prosecutorial misconduct, the defendant must show that a "substantial miscarriage of justice has actually occurred." Neb. Rev. Stat. § 29-2308 (Reissue 1989); *State v. Wounded Arrow*, 207 Neb. 544, 300 N.W.2d 19 (1980). The conduct of a prosecutor which does not mislead and unduly influence the jury and thereby prejudice the rights of the defendant does not constitute misconduct. *State v. LeBron*, 217 Neb. 452, 349 N.W.2d 918 (1984).

A conviction will not be set aside unless the defendant meets his burden of showing that the claimed error created actual prejudice rather than the mere possibility of prejudice. *State v. LeBron, supra*.

Defendant's motion for mistrial was made during the State's direct examination of its first witness. That questioning covered 28 pages of the bill of exceptions. This witness testified as to the arrest of the cooperating individual and as to certain items confiscated from defendant's residence when defendant was served with an arrest warrant and a search warrant. In two pages of questioning, this witness identified "a Smith & Wesson Model 66, .357 revolver" and "an Intratec Model Tec-9 . . . a .9

[sic] millimeter semiautomatic handgun."

The direct questioning of this witness then was interrupted, and the jury was excused for a morning recess. Defendant's counsel then made the following motion:

> MR. FITZKE: If it please the Court, at this time, the defendant requests the Court to order a mistrial in this case and discharge the jury presently impaneled for a specific reason which I request to have noted of record. May I expound upon that a little bit? May the record show, please, that even after an admonition off the record from the Court, the State continued to exhibit two dangerous looking weapons before the jury, neither of which had yet been admitted into evidence and neither of which the Court has already ruled may be admissible only for a limited purpose and not for the purpose of proving the truth or falsity of any issue in this case.

The trial court responded:

> THE COURT: Well, there is a way to cure it, and that is, if it is received in evidence, it will be harmless error anyway. I've told counsel and I will tell the witnesses for the state now, the rule on exhibits is, they shall not be demonstrated to the jury until the judge has decided whether to receive it. That's pretty simple and follow it.

When the trial resumed, the court told the jurors that the case included defendant's claim that if the jury did find that defendant had sold the cocaine in question, he had been entrapped into so doing by the State. The court instructed the jury that some evidence before it was relevant only for limited purposes "tending to show or negate the defendant's willingness, knowledge, intent, pressure, or inducement, and it's being received for that limited purpose only and not as direct evidence [of the crime charged]." The entrapment issue had been raised by defendant's counsel in his opening statements to the jury.

When the guns were later admitted into evidence, it was stated by the court that they were being received into evidence for that limited purpose only. No assignment of error is made in this court as to the trial court's admitting such evidence.

Since the weapons were finally received in evidence, it does

not constitute reversible error, in the circumstances of this case, for counsel to refer to them. After the guns were received in evidence, defense counsel again objected that "flaunting [the guns] in front of the jury at this time is nothing but inflammatory." The court replied, "I wouldn't characterize what they are doing is flaunting them."

The record does not show the physical acts complained of, and the trial court determined that there was no "flaunting" of the guns. The record does not show, in any way, that the court erred in denying defendant's motion for mistrial.

Defendant's last assignment of error is that the trial court erred in imposing "an unreasonable sentence." As stated above, defendant was sentenced to 4 to 7 years' imprisonment. The presentence investigation shows that this conviction represents defendant's first conviction of a felony. His record consisted only of a driving while intoxicated conviction and a speeding conviction. Nonetheless, defendant has been convicted of the sale of cocaine, a Class II felony in this case, with a possible sentence of 1 to 50 years' imprisonment. It was shown he was in possession of weapons and cash at the time of his arrest. Cocaine, in itself, is one of the plagues of our society, and sellers of that product are most dangerous.

We have said that a sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion on the part of the sentencing court. *State v. Morley, ante* p. 141, 474 N.W.2d 660 (1991); *State v. Campbell, ante* p. 14, 473 N.W.2d 420 (1991). The sentencing court did not abuse its discretion in imposing the sentence it did.

There being no merit to defendant's assignments of error, the judgment and sentence are affirmed.

AFFIRMED.