STATE OF NEBRASKA, APPELLEE, V. MICHAEL H. WINDELS,
APPELLANT.
503 N.W.2d 834

Filed August 13, 1993.    No. S-92-137.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.

Upon a plea of guilty to first-offense driving while intoxicated, the defendant was placed on probation for 1 year beginning October 3, 1989. The defendant was ordered to abstain from the use of alcoholic beverages, to obtain

evaluation for chemical dependency from an accredited agency within 30 days, to pay any fees, to follow all recommendations, and to successfully complete any recommended programs.

On September 28, 1990, the Douglas County Court issued a warrant for the defendant's arrest for violation of probation. On October 1, 1990, an affidavit alleging the defendant's violation of probation was filed in the county court. The return on the warrant states that on October 3, 1990, notice of the warrant was mailed to the defendant's address by regular U.S. mail without return receipt requested.

Apparently, the defendant did not learn of the existence of the warrant until April 27, 1991, when he turned himself in. A hearing on the violation of probation was held on June 13, 1991. Although the defendant stipulated that he had consumed alcohol while on probation and had failed to attend 45 Alcoholics Anonymous meetings, he contended the county court should dismiss the charge because the State made no diligent effort to serve proper notice on him.

The county court found the defendant guilty of violation of probation, and he was sentenced to jail for 30 days and ordered to pay a fine of $500. The defendant's driver's license was suspended for 180 days from the date of discharge from jail or payment of the fine.

The defendant appealed to the district court, where the judgment was affirmed.

The defendant then appealed to the Nebraska Court of Appeals and assigned as error the district court's affirmance of his conviction. He argued that the district court erred in affirming the judgment because the State had failed to execute and serve the warrant in a timely fashion, which deprived the defendant of a prompt hearing as required by Neb. Rev. Stat. § 29-2267 (Reissue 1989), and because prosecution of the violation was barred by Neb. Rev. Stat. § 29-1207 (Reissue 1989).

The Court of Appeals found:

> The warrant was mailed to Windels at his last known address October 3, 1990. However, Windels did not turn himself in until April 27, 1991. As we construe the facts in favor of the State, it can be inferred that Windels knew

about the warrant and that he caused the delay. Under the facts presented here, the procedure to revoke Windels' probation commenced prior to the end of his probationary period. After Windels turned himself in on April 27, a hearing was afforded him in a prompt and reasonable manner on June 13, 1991.

*State v. Windels*, 2 NCA 283, 286 (1993).

As to the defendant's argument regarding a speedy trial, the Court of Appeals found that to be without merit "because the speedy trial provisions do not apply to parole or probation proceedings," *id.*, and the defendant had "failed to allege any specific prejudice which resulted from any delay in holding his hearing," *id.* at 287.

The defendant contends that the Court of Appeals erred in finding that the defendant was properly served with a warrant on the violation of probation and that he was afforded a prompt hearing on the alleged violation of probation.

The defendant correctly points out that there is no evidence in the record to support a finding that the defendant had actual notice of the warrant prior to April 27, 1991, and that there is no evidence that the State made a diligent effort to serve a warrant on the defendant. Service of a warrant by regular mail will not support an inference that the accused had notice of a command to appear in court. See *State v. Richter*, 240 Neb. 223, 481 N.W.2d 200 (1992). Furthermore, a "presumption of receipt of mail by the addressee does not arise unless it is shown that the letter was properly addressed, stamped, and mailed." (Emphasis omitted.) *Baker v. St. Paul Fire & Marine Ins. Co.*, 240 Neb. 14, 18, 480 N.W.2d 192, 196 (1992). In this case, there is no evidence that the envelope the warrant was mailed in was properly addressed, stamped, and mailed.

The defendant argues that since § 29-2267 requires the State to afford a probationer a prompt hearing upon the filing of a motion or information to revoke probation, the State's lack of diligence in serving the warrant forfeits the State's right to revoke probation after the probationary term has ended.

Nebraska law authorizes the filing of motions or informations to revoke probation during the term of probation and within a reasonable time thereafter. *State v. Ladehoff*, 229

Neb. 111, 425 N.W.2d 352 (1988). Section 29-2267 and due process of law require that the probationer must have notice concerning the grounds of the alleged probation violation. *State v. Kartman*, 192 Neb. 803, 224 N.W.2d 753 (1975).

In this case, the defendant related a lapse in sobriety in April 1990 to his probation officer and continued reporting regularly to his probation officer through his last scheduled appointment on September 19, 1990, 14 days before his probation was to terminate. The motion to revoke the defendant's probation was not filed until the day before the end of the defendant's probationary term, and the defendant was not personally served with the warrant on the alleged violation of probation until 6 months and 26 days after the filing of the motion to revoke probation. There is nothing in the record to indicate that the State made any effort, other than mailing the warrant to the defendant's home address, to serve the defendant with the warrant.

Other jurisdictions which permit revocation proceedings after the term of probation has ended still require the prosecuting authority to demonstrate diligent effort in serving the warrant for violation of probation whenever there is a significant lapse of time between the end of the probationary term and the due process hearing afforded on violation of probation. See, *State v. Martens*, 338 So. 2d 95 (La. 1976); *State v. Berry*, 287 Md. 491, 413 A.2d 557 (1980); *People v. Cooper*, 54 Misc. 2d 42, 280 N.Y.S.2d 920 (1967); *Commonwealth v. Smith*, 266 Pa. Super. 234, 403 A.2d 1326 (1979); *Langston v. State*, 800 S.W.2d 553 (Tex. Crim. App. 1990).

In *Langston v. State, supra*, the Texas Court of Criminal Appeals held that authorities had not exercised necessary diligence in arresting the defendant 8 months after a motion to revoke his probation had been filed and 7 1/2 months after the expiration of his probationary term when the defendant's address was known and there was no indication that the defendant was hiding.

In *Commonwealth v. Smith, supra*, the Superior Court of Pennsylvania held that the State's failure to explain the 7 1/2 months' delay between the defendant's conviction for another

crime during his probationary period and his probation revocation hearing, which took place 11 months after expiration of the defendant's probationary period, denied the defendant's right to a prompt hearing regarding revocation of probation. In evaluating the reasonableness of the delay, the court used a three-part test, considering (1) the length of the delay, (2) the reasons for the delay, and (3) the prejudice to the defendant resulting from the delay. The court concluded that in light of the State's failure to explain the delay, "the fact that the hearing did not take place until 11 months 'after the expiration of the probationary period demonstrates that appellant was prejudiced by the delay. . . .' " 266 Pa. Super. at 238, 403 A.2d at 1328-29.

The Maryland Court of Appeals has held that "in order to comply with the dictates of due process, the State must bring about the revocation hearing with due diligence or reasonable promptness so as to avoid prejudice to the defendant." *State v. Berry*, 287 Md. at 500, 413 A.2d at 562. The court went on to state that

> at a minimum, the State should make reasonable efforts to initiate the proceedings and to locate and serve the defendant with process so as to bring him to trial promptly. On the other hand, we think the trial court should consider the availability of the defendant to receive such process and the extent to which he has made his presence known in the community in which he lives. While what action is timely, diligent or reasonable will differ on a case by case basis, we do believe that inactivity and inattention by the State for an inordinate period of time, where the defendant has been available and has not concealed his whereabouts, may be sufficient to persuade a court that fundamental fairness should prevent the State from proceeding with the revocation hearing.

287 Md. at 500, 413 A.2d at 563.

In this case, the record does not show that the defendant was unavailable or concealed his whereabouts, and the State made no explanation concerning its delay in prosecuting the defendant for his probation violation. In *Commonwealth v. Ruff*, 272 Pa. Super. 50, 414 A.2d 663 (1979), the Pennsylvania

Superior Court stated that a certain amount of prejudice necessarily follows from a probation revocation which takes place after the probationary period expires and that this prejudice renders a delay in holding the probation revocation hearing unreasonable when it is conjoined with other factors such as a lack of diligence by law enforcement officials.

Since the State failed to diligently pursue the revocation of the defendant's probation and has failed to explain its delay in prosecuting the defendant on that charge, it was unreasonable to revoke his probation nearly 9 months after the expiration of the defendant's term of probation.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the county court with directions to dismiss the prosecution.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

BOSLAUGH, J., dissenting.

The cases are divided on the effect of a delay in notifying the defendant that he has been charged with a violation of probation. See Annot., 13 A.L.R.4th 1240 (1982). A number of cases have held that delay in notifying or apprehending the defendant does not prevent prosecution for the violation in the absence of proof of prejudice to the defendant. Ordinarily, a conviction will not be set aside unless the defendant meets his burden of showing that the claimed error created actual prejudice rather than the mere possibility of prejudice. *State v. Valdez*, 239 Neb. 453, 476 N.W.2d 814 (1991).

In this case there is no evidence of any prejudice to the defendant from the delay in executing the warrant. The evidence relating to the violation of probation is undisputed. Under these circumstances, I would not reverse the judgment.