STATE OF NEBRASKA, APPELLEE, V.
JOSEPH R. SKLENAR, APPELLANT.
690 N.W.2d 631

Filed January 14, 2005.    No. S-03-1082.

James J. Regan for appellant.

Jon Bruning, Attorney General, and Jeffrey J. Lux for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

The appellant, Joseph R. Sklenar, argues in this case that he is entitled to a discharge from the probation violation proceeding initiated against him because he did not receive "prompt consideration" of the charge under Neb. Rev. Stat. § 29-2267 (Reissue 1995). He also contends that the presiding judge in the county court proceeding should have recused herself. We conclude that Sklenar appealed from an interlocutory order.

## BACKGROUND

In 2001, Sklenar pled no contest to a charge of theft by unlawful taking. On October 25, he was sentenced to probation for a period of 1 year.

On August 15, 2002, the Omaha City Attorney filed a motion to revoke Sklenar's probation. On March 19, 2003, Sklenar filed a motion to discharge the violation of probation, alleging that he had not been afforded "prompt consideration" of the matter under § 29-2267. At a hearing held the next day, the county court denied Sklenar's motion to discharge, as well as his motion to recuse.

On March 28, 2003, Sklenar filed an appeal to the district court, assigning as error the county court's decisions to deny his motion to discharge and motion to recuse. The district court affirmed. Sklenar appeals.

## ASSIGNMENT OF ERROR

Sklenar contends the district court erred in affirming the county court's decisions to deny his motion to discharge and motion to recuse.

## STANDARD OF REVIEW

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *Id.* The State argues that the county court order denying Sklenar's motion to discharge was not a final order, rendering the district court without jurisdiction, see Neb. Rev. Stat. § 25-2728 (Cum. Supp. 2002), as well as this court, see *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997) (if court from which appeal was taken lacked jurisdiction, appellate court acquires no jurisdiction).

In relevant part, § 29-2267 provides that "[w]henever a motion or information to revoke probation is filed, the probationer shall be entitled to a prompt consideration of such charge by the sentencing court." Notably, neither § 29-2267 nor any other statute provides for a procedure by which to enforce its provisions prior to final disposition. Where a criminal procedure is not authorized by statute, it is unavailable to a defendant in a criminal proceeding. *State v. Louthan*, 257 Neb. 174, 595 N.W.2d

917 (1999). That omission is even more evident when comparing § 29-2267 to the various speedy trial statutes, which Sklenar cites in support of his position.

We have held that orders denying a defendant's motion to discharge on speedy trial grounds under various statutes are final, appealable orders. See, *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000) (citing Neb. Rev. Stat. § 29-3805 (Reissue 1995)); *State v. Williams*, 253 Neb. 619, 573 N.W.2d 106 (1997) (citing Neb. Rev. Stat. § 29-759 (Reissue 1995)); *State v. Jacques, supra* (citing Neb. Rev. Stat. § 29-1208 (Reissue 1995)). Unlike § 29-2267, each of the three statutes at issue in those cases expressly allows for an absolute discharge upon violation of the right contained therein. Thus, a motion to discharge under those statutes, but not § 29-2267, is a "legally conferred right that authorizes a special application to a court for enforcement." *State v. Jacques*, 253 Neb. at 254, 570 N.W.2d at 336.

The facts of *State v. Windels*, 244 Neb. 30, 503 N.W.2d 834 (1993), illustrate the proper procedure to follow. In that case, a motion to revoke the defendant's probation was filed in October 1990 and a warrant was issued at the same time. However, the State was not diligent in serving the warrant, so a hearing was not held on the revocation until 9 months later. Only *after* the county court found that the defendant violated his probation did the defendant appeal, arguing that he did not get "prompt consideration" under § 29-2267. Sklenar's attempt to raise the same argument in an appeal in this case, before the court rendered a decision on his alleged violation of probation, was premature.

## CONCLUSION

The county court order denying Sklenar's motion to discharge and motion to recuse was not a final, appealable order. Therefore, both this court and the district court are without jurisdiction. We therefore vacate the district court's order affirming the county court's denial of Sklenar's motion to discharge, and remand the cause to the district court with directions to remand to the county court for further proceedings.

ORDER VACATED, AND CAUSE REMANDED WITH DIRECTIONS.

GERRARD, J., concurs in the result.